IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,

    Plaintiff,

v.                                                                2:18-cv-00850-JB-JFR

BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF OTERO, CAROLYN BARELA, RICK
MARTINEZ AND JOHN DOE 1,

    Defendants.

### DEFENDANT MARTINEZ' MOTION TO DISMISS

Defendant Warden Ricardo Martinez, incorrectly identified as Rick Martinez by Plaintiff, by and through his attorneys at Sutin, Thayer & Browne (Christina Muscarella Gooch), and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that this Court dismiss Plaintiff's claims against Warden Martinez because Plaintiff has failed to exhaust his administration remedies and has failed to state a claim for supervisory liability.

### INTRODUCTION

Plaintiff failed to exhaust his administrative remedies, as required by Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (2018). Such failure prohibits a federal court from considering the merits of a prisoner's claims for relief, and thus this Court must dismiss Plaintiff's Amended Complaint [Doc. 22]. Additionally, Plaintiff has failed to provide substantive allegations demonstrating that Warden Martinez committed an egregious or reckless failure to act in his alleged role as supervisor. (*See generally* Amended Complaint [Doc. 22].) Plaintiff's allegation that medical staff allegedly failed to provide adequate medical care or humane conditions, and that Warden Martinez did not supervise such staff, is at best a conclusory allegation of negligence. (*Id.*) Given the lack of substance to these allegations, they are appropriately read as a bare conclusion that Warden Martinez should be liable simply because he was the alleged supervisor at the time of

1

the claimed inadequate medical care. These allegations are insufficient to state a claim for deliberate indifference as required for Plaintiff's supervisory liability claim against Warden Martinez. Accordingly, Warden Martinez requests that the Court should dismiss Plaintiff's claim against him pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff claims he was in pre-trial custody pending his trial for battery against a household member from January 24, 2016 to April 10, 2019. (Amended Complaint [Doc. 22] ¶¶ 8, 18.) Plaintiff spent some of his pre-trial custody at Otero County Prison Facility ("OCPF") where Warden Martinez serves as warden. (*Id.*, ¶ 21). Plaintiff alleges Warden Martinez violated his procedural and substantive due process in violation of the Fourteenth Amendment. (*See generally id.*) Plaintiff also asserts claims of municipal liability and false imprisonment against Warden Martinez under the New Mexico Tort Claims Act. (*See generally id.*)

## LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint against defendants "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

## ARGUMENT

I. **Plaintiff has Failed to Abide by the Exhaustion Requirements under the Prison Litigation Reform Act**

The PLRA applies to pretrial detainees. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life"); *United States v. Folse*, No. CR 15-2485 JB, 2016 WL 3996386, at *16 (D.N.M. June 15, 2016)

(unpublished) (explaining that PLRA's exhaustion requirements apply to pretrial detainees and detainees awaiting sentencing stating, "[t]he Supreme Court [in *Porter,* 534 U.S. at 532], in holding that the PLRA's exhaustion requirement applies to 'all inmate suits about prison life,' did not distinguish between pretrial and post-trial detainees" (quoting United States v. Khan, 540 F. Supp. 2d 344, 349 (E.D.N.Y. 2007)).

Prisoners, including pretrial detainees, filing suit under 42 U.S.C. § 1983 must abide by the PLRA's exhaustion requirements. To exhaust administrative remedies, a prisoner must complete the entire administrative review process that is set forth by the prison's grievance policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010). Failure to exhaust administrative remedies prohibits a federal court from considering the merits of a prisoner's claims for relief. *Jones*, 549 U.S. at 216; *see also Beaudry v. Corr. Corp. of Am.,* 331 F.3d 1164, 1167 n. 5 (10th Cir.2003) ("The statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it."). A prisoner does not exhaust his administrative remedies when he fails to properly complete the grievance process or correct deficiencies in his grievances before filing a lawsuit. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

In determining whether a plaintiff has properly exhausted his claim, the relevant rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock,* 549 U.S. 199, 200, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). If a prisoner fails to exhaust the administrative procedures, his case must be dismissed without prejudice to afford the plaintiff an opportunity to exhaust his administrative remedies. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005). Notwithstanding the foregoing, in the event that an incarcerated plaintiff who brings a § 1983 action "fails to state a claim upon which relief can be granted, . . . the court may dismiss

the underlying claim without first requiring exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

The PLRA required Plaintiff to file a grievance containing sufficient specificity for prison officials to investigate, and if appropriate, to provide redress for the grievance. Plaintiff, in having failed to file any grievance related to this claim, has failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a). Plaintiff did not properly exhaust his administrative remedies regarding his claims of his improper conditions of confinement and medical care. Plaintiff has not alleged any specific facts demonstrating that he has exhausted his administrative remedies with regard to his conditions of confinement and requests for medical care. Therefore, his claims against Warden Martinez are barred by the PLRA's exhaustion requirement and this claim should be dismissed under the PLRA. 42 U.S.C. § 1997e(a). Further, because Plaintiff's claims against Warden Martinez fail as a matter of law, the Court can dismiss this matter with prejudice without first requiring exhaustion of administrative remedies.

### II.     Plaintiff has Failed to Plead a Sufficient Claim for Supervisory Liability

"A plaintiff arguing for the imposition of supervisory liability [under § 1983] '… must show an 'affirmative link' between the supervisor and the constitutional violation.'" *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015) (citation omitted). Generally, "[t]he requisite showing of an 'affirmative link' between a supervisor and the alleged constitutional injury has '[come] to have three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind.'" *Id.* (citation omitted). However, the exact application and analysis of such "affirmative link", and its factors, appears to vary between the different potential categories of supervisory liability, which has been made somewhat unclear since *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Dodds v. Richardson*, 614 F.3d 1185, 1212-13 (10th Cir. 2010) (Tymkovich, J. concurring). "In sum, our decisions hold that supervisors are liable for constitutional violations

4

they cause." *Id*. at 1213. "The exact contours of causation–especially regarding an official's state of mind sufficient for liability–are uncertain in light of *Iqbal*." *Id*. What is certain, however, is that Plaintiff's claim for supervisory liability under § 1983, based upon an alleged failure to supervise, must be supported by a showing of "deliberate indifference." *Id.* at 1212. This means a plaintiff must provide evidence showing that "a supervisor has somehow caused the violation to occur by an *egregious* failure to act." *Id*. at 1212-13 (emphasis added); *see also D.T. v. Independent School Dist*., 894 F.2d 1176, 1193 (10th Cir. 1990) ("This court has applied the 'deliberate indifference' standard in many civil rights cases, although sometimes positing it in terms of reckless disregard or gross negligence. In all cases, we have applied a much more stringent test than ordinary negligence.") (citation omitted); *Sexson v. Wood*, 2016 WL 10538007, *10 (D.N.M. Apr. 20, 2016) (unpublished) ("Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." (citation omitted)). As such, to sufficiently state a claim for relief for cruel and unusual punishment under § 1983, a plaintiff must provide allegations which "rise to the level of [such] deliberate indifference." *Dubuc v. Johnson*, 201 F.3d 447, 1999 WL 1101851, *3 (10th Cir. Dec. 3, 1999) (unpublished).

Plaintiff has failed to allege facts against Warden Martinez which could be interpreted as establishing some purported "egregious act" at the level of "reckless disregard" sufficient to state a claim for supervisory liability. Not only does Plaintiff fail to make any specific allegations against Warden Martinez regarding Count 1 (Violation of Procedural Due Process) or Count 4 (False Imprisonment Under the New Mexico Tort Claims Act), but most of Plaintiff's references to Warden Martinez are lumped together with other defendants. (*See generally* Amended Complaint [Doc. 22].) Still, Plaintiff makes the following claims involving Warden Martinez:

5

- Martinez was upon information and belief, at all relevant times, the Warden of the Otero County Prison Facility (hereinafter "OCPF") and is sued in his individual and official capacities. Defendant Martinez - and/or any other Warden of OCPF acting in that position during the time relevant to this complaint - was acting under color of state law and within the scope of his employment at all times material to this Complaint. (Amended Complaint [Doc. 22] ¶ 6.)

- Defendant Martinez, in his role as Warden of OCPF, caused Plaintiff to be remain in solitary confinement/segregation for an unreasonable period of time for no legitimate reason, and caused Plaintiff to be deprived of appropriate medical, mental health, and dental care. (Amended Complaint [Doc. 22] ¶ 33.)

- Defendants Board, Barela, and Martinez are policymakers responsible for creating, enacting, and enforcing appropriate policies regarding the humane and constitutional treatment of pre-trial detainees, including Plaintiff. (Amended Complaint [Doc. 22] ¶ 39.)

- Defendants Board, Barela, and Martinez are responsible for hiring, training, and supervising OCDC and OCPF employees. (Amended Complaint [Doc. 22] ¶ 40.)

- The policies, customs, decisions, and practices (or lack thereof) of Defendants Board, Barela, and Martinez created a climate within OCDC and OCPF wherein pre-trial detainees such as Plaintiff were deprived of adequate medical and mental health care and were subjected to inhumane conditions of confinement, including extended periods of solitary confinement for no legitimate reason, and limited access to exercise and personal hygiene. (Amended Complaint [Doc. 22] ¶ 41)

Even accepting these allegations as true for purposes of this Motion to Dismiss, Plaintiff fails to allege facts sufficient to satisfy the deliberate indifference standard in the supervisory liability context of an "egregious failure to act." *Dodds*, 614 F.3d at 1212-13; *see also Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) ("[I]t is not enough that [the warden] acted in a supervisory role when [the employee] violated [the plaintiff's] constitutional rights."); *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, 'it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.'"). Therefore,

dismissal of Plaintiff's claims against Warden Martinez pursuant to Fed. R. Civ. P. 12(b)(6) is necessary and proper.

## CONCLUSION

Plaintiff's Amended Complaint [Doc. 22] must be dismissed as Plaintiff has failed to exhaust his administrative remedies. Even still, the Court should dismiss the Amended Complaint [Doc. 22] as to Warden Martinez *with prejudice*. Plaintiff's allegations against Warden Martinez are insufficient to plead the deliberate indifference required of Plaintiff's supervisory liability claim against Warden Martinez. Accordingly, Warden Martinez respectfully requests that the Court dismiss Plaintiff's claim against him with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and for other such relief that the Court deems just and proper.

Respectfully submitted,

SUTIN, THAYER & BROWNE
A Professional Corporation

By:   /s/ *Christina Muscarella Gooch*
Christina Muscarella Gooch
P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-3433
tmg@sutinfirm.com
*Attorney for Defendant Martinez*

I CERTIFY that on May 15th, 2020 I filed the foregoing pleading electronically through the CM/ECF System, which caused counsel of record to be served by electronic means.

ELLIS & ESTES
James C. Ellis, Esq.
3949 Corrales Rd. Suite 230
Corrales, NM 87048
(505) 266-0800 ph.
James@EllisEstes.com
*Attorneys for Plaintiff*

By  /s/ *Christina Muscarella Gooch*
Christina Muscarella Gooch

5477289