# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CARLOS HASAN HICKS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § No. 2:18-cv-0850 JB/JFR |
| | § |
| BOARD OF COUNTY | § |
| COMMISSIONERS OF THE | § |
| COUNTY OF OTERO, CAROLYN | § |
| BARELA, RICK MARTINEZ, | § |
| AND JOHN DOE 1, | § |
| | § |
| Defendants. | § |

**DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OTERO AND CAROLYN BARELA'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT (Doc. 28)**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

COME NOW Defendants Board of County Commissioners of the County of Otero (the "Board") and Carolyn Barela ("Ms. Barela") (also collectively referred to as ("County Defendants"), and file this reply to Plaintiff's response to their Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Doc. 28). In support, the County Defendants state as follows:[1]

## I. INTRODUCTION

---

[1] County Defendants bring this Motion pursuant to Rule 12 and therefore reserve the right to state available affirmative defenses in an Answer, should one become necessary. County Defendants also reserve the right to rely on other defenses as they become known during discovery and do not knowingly waive any defenses. Furthermore, County Defendant incorporates by reference as if fully set forth herein their Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (Doc. 28).

Page **1** of **10**

Plaintiff's Amended Complaint (Doc. 22) should be dismissed in its entirety for failing to meet *Twombly/Iqbal* pleadings standards and consequently failing to state a claim upon which relief can be granted. The Supreme Court in *Twombly* and *Iqbal* redefined what a plaintiff must plead in order to meet Rule 8(a)'s requirements that the complaint contain a "short and plain statement of the claim showing [that Plaintiff] is *entitled to relief*." Fed. R. Civ. P. 8(a)(2)(emphasis added). *Twombly* and *Iqbal* made clear that the kind of conclusory, barebones allegations that Plaintiff relies upon in his Amended Complaint do not suffice. Under the plausibility standard set out by the Supreme Court, Plaintiff's "defendant-unlawfully-harmed-me" allegations, which he relies upon almost exclusively, will not allow his Amended Complaint to survive a motion to dismiss under Rule 12(b)(6).[2] The result of all of this is that the County Defendants still have not been given fair notice of the allegations against them.

## II. ARGUMENTS AND AUTHORITIES

### A. PLAINTIFF HAS HAD AMPLE OPPORTUNTIY TO INVESTIGATE HIS CLAIMS.

This suit was filed by Plaintiff, as a pro se litigant, on September 10, 2018 and it has been pending for almost two years. On November 1, 2019, Plaintiff's counsel made an entry of appearance (Doc. 19), and on March 25, 2020, the Court issued an order granting Plaintiff's counsel an opportunity to amend the complaint within thirty days of the order (Doc. 21). Plaintiff, as a pro se, and then with the assistance of counsel, has had ample time to investigate his claims to the point where he should be able to survive the pending motions to dismiss under Rule 12(b)(6) if there were any merit to his claims. Even for the period when he was proceeding as pro se, and

---

[2] *See also* Fed. R. Civ. P. 11(b)(3) (requiring that factual contentions in pleadings to the court have evidentiary support).

notwithstanding the less stringent standards imposed on pro se litigants, Plaintiff had a responsibility to fully investigate his claims so as to be able to overcome the pleadings standards of Rule 8(a)(2) and Rule 12(b0(6). *See Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

Yet, even now, Plaintiff seeks additional time to obtain and review detention records that he can only speculate will help his claims and address the concerns raised by the County Defendants in their motion to dismiss. To the extent Plaintiff seeks additional time to further investigate his claims and to amend his complaint for a second time, which he concedes is necessary, the Court should deny the request because it will cause undue delay and be futile, and also because it would be prejudicial to the County Defendants. *See Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 (10th Cir. 2010) ("Generally, the Court denies leave to amend "only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment").

Furthermore, Plaintiff's Response to the motion to dismiss improperly introduces factual allegations that were not pled in his Amended Complaint [Doc. 22], and is replete with legal conclusions. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleadings only with the opposing party's written consent or the court's leave"). Factually unsupported claims framed as legal conclusions and mere recitations of the legal elements of a claim do not give rise to cognizable claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (compliance with Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation"). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

Page **3** of **10**

of action will not do." *Id*. But this is precisely what Plaintiff does in his Amended Complaint and response. For example, Plaintiff attempts to distract away from his deficient pleadings by not only referencing factual allegations that were not part of his Amended Complaint, but also by providing a long recitation of case law, but with no supporting factual allegations.

For instance, Plaintiff Response claims to have satisfied his burden at the 12(b) stage because he has alleged that he "was deprived humane conditions of confinement while being housed at OCDC. Such deprivations include being refused adequate medical and dental care, being denied the ability to maintain personal hygiene and physical fitness, and being subjected to extended periods of solitary confinement," among other similar allegations. (Response, Doc. 31, 11-12) (internal citations omitted). Pleading legal conclusions adds nothing of substance to Plaintiff's pleadings. Therefore, the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

### B. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE COUNTY DEFENDANTS.

Plaintiff's Amended Complaint is replete with global allegations against the "County Defendants," this improper grouping of defendants makes it impossible to discern which allegations are targeted against which defendant in this case. Plaintiff's Response did not cure the improper grouping of defendant and is generally directed at the "County Defendants." (*See generally* Response [Doc. 31]). For example, Plaintiff's Response asserts that his "claims against the County Defendants stem from events that occurred during the time he spent as a pretrial detainee with the Otero County Detention Center" and that throughout his detention he was "repeatedly placed in solitary confinement without notice and without an opportunity to challenge the County Defendants' decision." (Response, Doc. 31, 2-3). Rule 8(a) requires that a complaint

give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct. *Del Castillo v. PMI Holdings N. Am. Inc.,* No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015). (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001). Furthermore, an entity cannot be held liable solely on the basis of an existence of an employer-employee relationship with an alleged tortfeasor. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

In the present case, Plaintiff's global allegations and generic grouping of all defendants is improper and has the effect of denying each of the County Defendants fair notice of the allegations against them, and in so doing fails to state a claim against any one of the County Defendants. Additionally, with respect to the Board, Plaintiff's claims fail because there is no vicarious liability in Section 1983 claims. Lastly, because the New Mexico Tort Claims Act ("NMTCA") notice requirement is jurisdictional and Plaintiff has not met it, the Court has no jurisdiction to consider Plaintiff's state law claims.

**C. PAINTIFF'S AMENDED COMPLAINT AGAINST MS. BARELA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Plaintiff asserts claims against Carolyn Barela in all four counts of the Amended Complaint in her official and individual capacity. But both his Amended Complaint and Response fail to provide any factual support for his claims. In fact, Plaintiff's Response does not address Carolyn

Barela ("Ms. Barela") until page 13 of the Response, and the totality of his complaint therein is as follows:

> In this case, Mr. Hicks has alleged that Ms. Barela directly controlled the conditions of his pretrial detention (see Amended Complaint at ¶ 20), which necessarily includes controlling the decisions to place him in solitary confinement, and to do so without notice, opportunity to be heard, or periodic classification reviews.

(Response, Doc. 31, 13). Plaintiff's citation to Paragraph 20 of his Amended Complaint in support of his contention that he has sufficiently pled an action against her fails just as heavily. Paragraph 20 provides in whole:

> 20) Plaintiff remained in pre-trial custody at OCDC, and under the direct control of Defendant Barela for approximately 24 months.

(Amended Complaint, Doc. 22, ¶ 20). Plaintiff seeks to impose liability on Ms. Barela based on these vague and circular claims.

Furthermore, Plaintiff fails to describe the pre-trial detention conditions that he alleges violated his constitutional rights. He also fails to allege with any particularity Ms. Barela's role in violating his constitutional rights. Plaintiff seeks to impose liability on Ms. Barela for no other reason than her position as Director of the Otero County Detention Center. Plaintiff reasons that because Ms. Barela allegedly "directly controlled the conditions of his pretrial detention" she also "control[ed] the decisions to place him in solitary confinement" without "notice, opportunity to be heard, or periodic classification reviews." Plaintiff's reasoning is not only factually inaccurate but also flawed. Plaintiff concedes that his pre-trial confinement included confinement at the Otero County Facility and the Otero County Prison Facility but he makes no attempt to distinguish between the claims asserted for alleged conditions at the Otero County Prison Facility and those at the Otero County Detention Center.

1. **Plaintiff has Failed to Sufficiently Plead a Claim Against Ms. Barela for Supervisory or Individual Liability.**

The Tenth Circuit has held that supervisors are not liable under Section 1983 unless there is "'an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation . . . exercise of control or direction, or . . . failure to supervise.'" *Gallagher v .Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10 Cir. 1997). Because supervisors can be held liable only for their own constitutional or illegal policies, and not for the torts that their employees commit, supervisory liability requires a showing that such policies were a "deliberate or conscious choice." *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998); *see also Sexson v. Wood*, 2016 WL 10538007, *10 (D. N.M. Apr. 20, 2016 (unpublished) ("Because 'mere negligence' is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur.") (citation omitted)).

Here, Plaintiff has not properly alleged that Ms. Barela promulgated an official policy that lead to constitutional violations. He has also not properly alleged personal participation, exercise of control or direction, or failure to supervise by Ms. Barela, or the proper culpable state of mind. Instead, he alleges only that Ms. Barela along with the Board and Defendant Martinez "created a climate within OCDC and OCPF wherein pre-trial detainess such as Plaintiff were deprived of adequate medical and mental health care and were subjected to inhumane conditions of confinement, including extended periods of solitary confinement for no legitimate reason, and limited access to exercise and personal hygiene." (Amended Complaint, Doc. 22, ¶ 20). This allegation is not only vague and broad but also outright inaccurate. Plaintiff's Amended Complaint alleges that Defendant Martinez was at all relevant times the Warden of the Otero County Prison

Facility, so it is inaccurate to allege that Ms. Barela was responsible for unconstitutional policies at a detention facility over which, by his own admission, she had no supervision or control over. The inconsistency of this allegation, as well as all other similar allegations throughout the Amended Complaint, highlight the problem caused by Plaintiff's vague allegations and impermissible grouping of all defendants — by doing so, he has failed to state a claim upon which relief can be granted against any of the County Defendants. The same is generally true of Plaintiff's claims against Ms. Barela in her individual capacity and his state claims under the New Mexico Tort Claims Act against the County Defendants. As such, Plaintiff's claims should also be dismissed for failure to state a claim upon which relief can be granted.

### D. PLAINTIFF'S AMENDED COMPLAINT AGASINT THE COUNTY DENFENDANTS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE PRISON LITIGATION REFORM ACT'S ("PLRA") EXHAUSTION REQUIREMENTS.

If a prisoner fails to exhaust the administrative procedures, his case must be dismissed without prejudice to afford the plaintiff an opportunity to exhaust his administrative remedies. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005). Prisoners are not required to plead exhaustion in their complaints, but in "rare cases a district court [may] be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). If a complaint makes "affirmative but not conclusive statements" regarding the prisoner's exhaustion of administrative remedies, a district court may raise the exhaustion issue sua sponte and seek additional information from the prisoner." *Id.* Here, Plaintiff has had ample time to properly address whether he has exhausted his administrative remedies, but he has failed to do so.

Page **8** of **10**

KSELP 1778669v.1

### E. IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT SHOULD BE REQUIRED.

Alternatively, County Defendants reiterate their motion under Rule 12(e) for a more definite statement of Plaintiff's claims. Plaintiff does not "strictly oppose" County Defendants motion for a more definite statement. In the event that the Court does not dismiss Plaintiff's claims, it should require a more definite statement from Plaintiff.

### CONCLUSION

For all of the foregoing reasons, Plaintiff's Amended Complaint is legally and factually insufficient and should be dismissed. In the alternative, the Court, pursuant to Rule 12(e), should require Plaintiff to make a more definite statement of the factual and legal grounds of the County Defendants' alleged liability.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915-533-4424
915-546-5360 (Fax)

By: /s/ Richard Bonner
Richard Bonner
Richard.Bonner@kempsmith.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of August 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| James C. Ellis, Esq.<br>ELLIS & ESTES<br>3949 Corrales Rd. Suite 230<br>Corrales, NM 87048<br>James@EllisEstes.com<br>*Attorneys for Plaintiff* | Christina Muscarella Gooch, Esq.<br>SUTIN, THAYER & BROWNE<br>P.O. BOX 1945<br>Albuquerque, NM 87103<br>tmg@sutinfirm.com<br>*Attorney for Defendant Martinez* |

By: _____
Richard Bonner
Richard.Bonner@kempsmith.com