## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,                    §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §        No. 2:18-cv-0850 JB/JFR
                                       §
BOARD OF COUNTY                        §
COMMISSIONERS OF THE                   §
COUNTY OF OTERO, MANAGEMENT            §
& TRAINING CORPORATION,                §
SOUTHWEST CORRECTIONAL                 §
MEDICAL GROUP, INC., LT. JAVIER        §
SIFUENTES, LT. M. SOTO, SGT. M.        §
CAMACHO, SGT. V. MOYA, CPT. R.         §
OCHOA, V. LEON,                        §
AND JOHN DOES 1-6,                     §
                                       §
        Defendants.                    §

### DEFENDANT BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OTERO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
#### (Doc. 41)

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

COMES NOW Defendant Board of County Commissioners of the County of Otero ("Otero County" or "Defendant"), by and through its counsel of record Kemp Smith LLC, Richard Bonner, and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves the Court for an order dismissing Plaintiff's Second Amended Complaint For Damages Caused by the Deprivation of Civil Rights and Tortious Conduct[1]("Second Amended Complaint") with prejudice.[2] Plaintiff's Second Amended Complaint should be dismissed because it fails to state a claim against Otero County

---

[1] Doc. No. 40.

[2] Otero County files this Motion to Dismiss pursuant to Rule 12 and therefore reserves the right to state available affirmative defenses and governmental immunity in an Answer, should one become necessary. Defendants also reserve the right to rely on other defenses as they become known during discovery and do not knowingly waive any defenses or governmental immunity.

40K8401.DOCX

upon which relief can be granted. Plaintiff has had ample time to investigate his alleged claims against Otero County and has benefited from repeated opportunities to amend his Complaint. Despite these opportunities to amend, Plaintiff fails, yet again, to plead factual content sufficient enough to allow the Court to draw a reasonable inference that Otero County is liable for any of the violations alleged by Plaintiff.

## I.     INTRODUCTION

### A.  Brief Chronology

This case arises from Plaintiff's period of incarceration while he awaited trial or a final disposition of the underlying criminal charges. During his incarceration, on September 10, 2018, Plaintiff initiated this action as a *pro se* litigant by filing his Original Complaint.[3] The lawsuit remained unserved for over a year. Plaintiff was eventually released on or about April 9, 2019, after accepting an Alford plea. Then, on or about November 1, 2019, Plaintiff's present counsel James Ellis, and his firm, filed an entry of appearance in this matter. But the suit continued to languish for several months, until March 25, 2020, when the Honorable Magistrate Judge John F. Robbenhaar issued an order that, in part, granted Plaintiff 30 days to file an amended complaint or face a dismissal. On April 24, 2020, Plaintiff filed his Amended Complaint for Damages Caused by the Deprivation of Civil Rights ("First Amended Complaint") asserting constitutional and state law violations against several defendants, including Otero County and Carolyn Barela, Director of OCDC.[4]  One year and seven months passed between the filing of Plaintiff's Original Complaint and the filing of his First Amended Complaint.

In response to the First Amended Complaint, on May 18, 2020, Otero County and Ms. Barela, filed a Motion to Dismiss Plaintiff's Amended for Damages Caused by the Deprivation of

---

[3] Doc. No. 1.
[4] Ms. Barela is no longer a named defendant in Plaintiff's Second Amended Complaint.

Civil Rights Or, in the Alternative, Motion for a More Definite Statement in Lieu of Answer. As discussed below, the Magistrate's Order, of November 6, 2020, dismissed some of Plaintiff's claims, but mostly denied motion to dismiss, but granted the motion for a more definite statement as to all counts.[5]

### B.  Magistrate Judge's Proposed Findings and Recommended Disposition

In granting the Motion for a More Definite Statement, the Magistrate Judge ordered Plaintiff to file a more definite pleading in the form of a Second Amended Complaint,[6] and instructed Plaintiff that his claims "shall clearly indicate which behaviors are challenged at each facility, and which Defendant is, therefore involved in each count."[7] He was also advised that for each of his claims he should include (1) any custom, policy, or practice and/or any decision made by any final policymaking authority, or ratification of the same by any subordinates, which operated to his detriment; (2) the hiring, training or supervisory behaviors challenged in this case; (3) any requests he made, and to whom, regarding a hearing and/or review of his confinement conditions; (4) how any deficiency caused John Doe to violate his rights, and the identity of John Doe; and (5) the personal involvement, casual link, and required state of mind regarding each of his claims.

### C.  Plaintiff's Second Amended Complaint

Plaintiff filed his Second Amended Complaint on January 14, 2021. Despite the Magistrate Judge's guidance on how Plaintiff should plead his alleged claims, the Second Amended Complaint suffers from the same deficiencies that resulted in the granting of the motion for a more definite statement. That is because the Second Amended Complaint is still mostly comprised of

---

[5] Magistrate Judge's Proposed Findings and Recommended Disposition ("Magistrate's Order"), Doc. No. 37.
[6] *Id*.
[7] *Id*. at 34.

40K8401.DOCX

mere labels and conclusions or formulaic recitation of the elements of the alleged causes of action supported by nothing more than mere conclusory statements. The Second Amended Complaint alleges four different Counts against Otero County: Count I: Violation of Procedural Due Process; Count II: Violation of Substantive Due Process; Count III: Municipal and Corporate Liability; Count IV: False Imprisonment Under the New Mexico Tort Claims Act.[8] The claims against Otero County all arise from Plaintiff's pretrial incarceration at OCDC.

Plaintiff roughly summarizes his periods of incarceration at OCDC as follows: (1) from November 25, 2014 to November 26, 2014; (2) from January 5, 2015 to January 9, 2015; (3) a period of approximately 8 months starting on or about March 23, 2017, during which he was in the general population, and which would have ended on or about November 23, 2017; (4) from October 24, 2017 to November 29, 2017, during which he was placed in administrative segregation at the "behest" and "under the control" of Defendant Lt. Sifuentes; (5) from August 30, 2018 to October 19, 2018, during which he was placed in administrative segregation, an action that was "authorized" by Defendant Sifuentes; (6) August 30, 2018 to October 19, 2018, during which he was placed in administrative segregation, which was "authorized" by Defendant Sifuentes; (7) November 30, 2018 to April 9, 2019, during which he was placed in administrative segregation, and the decision to place him in administrative segregation was "approved" by Defendant Sifuentes.[9] For each of the periods of incarceration at OCDC, Plaintiff attributes his placement in administrative segregation to actions or omissions committed by Defendant Lt. Sifuentes, and not to a particular policy or custom. He claims that Defendant Lt. Sifuentes was the party responsible for authorizing and/or controlling his incarceration periods in administrative segregation.[10]

---

[8] Second Amended Complaint, Doc. No. 40, pages 8-11.
[9] Second Amended Complaint (Doc. 40) at 4-8.
[10] *Id*.

40K8401.DOCX

To the extent that Plaintiff complains about the length of his pretrial detention, he fails to address what, if any, actions or omission of the trial judge, his defense counsel, himself, or other key decision-makers in the underlying adjudication of his criminal charges contributed to the length of his detention. He does not, however, attribute the length of his pretrial detention to Otero County as operator of OCDC, nor does he dispute the validity of his incarceration.

## II.   APPLICABLE LEGAL STANDARD

### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("Twombly"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

### B.  Section 1983 Standard

To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. *Lymon v. Aramark Corp.* 728 F. Supp. 2d 1222, 1239-40 (D.N.M. 2010) (Browning, J.) *aff'd*, 499 F. App'x 771 (10th Cir. 2012) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). It is well established that a municipality can be held liable under Section 1983 for acts of its employees only if an official "policy or custom" caused the constitutional injury.

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Supreme Court has made clear that there is no *respondeat superior* liability under Section 1983. *Lymon v. Aramark*, 728 F. Supp. 2d at 1239. There can be no recovery under Section 1983 on a theory of *respondeat superior*. A defendant may be individually liable under § 1983 based on the defendant's "personal liability" or "supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 163–64 (10th Cir. 2011). Personal liability is established by showing that the defendant was personally involved in the alleged constitutional violation. *Id.* at 1163.

## III.   ARGUMENTS

### A.  The applicable statutes of limitation bar some of Plaintiff's claims.

A Section 1983 claim in New Mexico is subject to a three-year statute of limitations. *See Lymon v. Aramark*, 728 F. Supp. 2d 1207, 1216 (D.N.M. 2010) (Browning, J.) *aff'd*, 499 F. App'x 771 (10th Cir. 2012). Additionally, an action brought under the New Mexico Tort Claims Act ("NMTCA") is subject to a two-year limitation period. *Id.* "The New Mexico Tort Claims Act expresses a clear public policy that tort claims against negligent New Mexico governmental entities should be allowed, but only if brought within two years of the date of the alleged tort." *Id.* "Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Id.* at 1215. Therefore, to the extent Plaintiff seeks to impose liability on Otero County for alleged actions or omissions that fall outside of the applicable statutes of limitation, this Court should dismiss such claims as time barred.

### B.  Plaintiff fails to assert a claim for procedural and/or substantive due process violations for which this Court can grant relief.

The Fourteenth Amendment Due Process Clause states, "No State shall . . . deprive person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. "The Due

Process Clause encompasses two distinct forms of protection: (i) procedural due process . . . and (ii) substantive due process[.]" *Romero v. Bd. of Cnty. Comm'rs for the Cnty. of Curry*, 202 F. Supp. 3d 1223, 1242 (D.N.M. 2016). "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). Essential to both is the existence of a protected liberty or property interest. *See Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1237 (10th Cir. 2016) ("To prevail on a due-process claim under § 1983, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectable property interest.") (internal quotation marks omitted). "A due process claim … can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." *Id.* (quoting *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006).

It is accepted that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Lymon v. Aramark*, 728 F. Supp.2d 1222, 1242 (2010) (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119 (1977). In *Sandin v. Connor*, the United States Supreme Court held that inmates have no liberty interest based on regulations regarding disciplinary measures unless those measures "impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lymon v. Aramark*, 728 F. Supp.2d 1222, 1239 (2010) (citing *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). In *Alvarez v. McCormac*, the Tenth Circuit affirmed the district court's dismissal of a prisoner's Section 1983 procedural due process claim because the prisoner "did not have a constitutionally-protected liberty interest under state law that would prevent his twenty-day segregation, since such a sanction did not impose an "atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." 15 Fed. App'x 759 760 (10th Cir. 2001) (quoting *Sandin v. Connor*, 515 U.S. at 484). "Classification of a plaintiff into segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause." *Trujillo v. Williams,* 465 F.3d 1210, 1225 (10th Cir. 2006). Prison discipline and punishment are ordinary conditions of prison life and not atypical hardships. *Sandin*, 515 U.S. at 486.

The crux of Plaintiff's complaint against Otero County is the length of his placement in administrative segregation. The decision by a detention center, however, to place a prisoner in administrative segregation alone is not enough to create Section 1983 liability. Essential to Plaintiff's claims against Otero County is the existence of a protected right to be free from placement in administrative segregation. Plaintiff fails to identify a protected interest that was violated by Otero County in his Second Amended Complaint. He also fails to that his conditions of incarceration while in administrative segregation amounted to an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff has not identified or attempted to describe with sufficient factual support a custom, policy, or practice of Otero County that resulted in his alleged harms. Much like his First Amended Complaint, Plaintiff's allegations are limited to recitations of his period of incarceration and to time allegedly spent in administrative segregation. But as stated in the case law above, that is not enough to state a claim upon which relief can be granted. Another notable defect in Plaintiff's Second Amended Complaint, is his failure to allege sufficient factual support that his deprivations occurred without sufficient due process. It is well recognized that lawful justifications exist for the placement of prisoners in administrative segregation, but because Plaintiff's pleadings fail to allege or sufficiently support his claims, there can be no inference, other than mere speculation, that his procedural and substantive due process rights were violated. As such, Plaintiff's claims for violations of

procedural and substantive due process must be dismissed for failure to state a claim upon which relief can be granted.

### C. Plaintiff fails to assert a claim for municipal and corporate liability for which this Court can grant relief.

Count III alleges "Municipal and Corporate" liability as to Otero County and Defendant Management & Training Corporation ("MTC").[11] The allegations are broadly asserted against both defendants, although they operate separate detention facilities and Plaintiff incarceration at each facility occurred during different periods of time. But one would not know that based on the commingled allegations against both defendants in Count III. In response, and to the extent necessary, Otero County asserts the defense of governmental immunity to these allegations. To the extent these allegations are for *respondeat superior*, they fail, because the Supreme Court has made clear that there is no *respondeat superior* liability under Section 1983. *Lymon v. Aramark*, 728 F. Supp. 2d at 1240.  An entity cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. *Id*. They can be held liable only for their own unconstitutional or illegal policies, and not for the tortious acts of their employees. *Id*. It is not enough for a Section 1983 plaintiff merely to identify conduct properly attributable to the municipality. *Id*. The Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. *Id*.

In the present case, Plaintiff's fails to identify the legal source or factual support for the claims in Count III, and makes no effort to distinguish between the claims asserted against each of the two defendants. For example, Plaintiff alleges, "Defendants Otero County and MTC are responsible for promulgating the customs and policies of OCDC and OCPF," and then goes on to

---

[11] Second Amended Complaint (Doc. 40), page 11. Count III.

list general and formulaic joint allegations against both defendants.[12] Plaintiff's allegations are mere labels and conclusions with formulaic accusations, and this will not suffice to state a claim. Therefore, Plaintiff's claims for municipal and corporate liability against Otero County must dismissed for failure to state a claim upon which relief can be granted.

### D.   Plaintiff fails to assert a claim for false imprisonment under the New Mexico Tort Claims Act for which this Court can grant relief.

In Count IV, Plaintiff asserts a claim for false imprisonment pursuant to the New Mexico Tort Claims Act ("NMTCA"), N.M.S.A. §§ 41-4-1, *et seq.* (1978). Defendant asserts his Count IV claims against all defendants, including Otero County, and Defendant Lt. Sifuentes, who Plaintiff claims is an employee of Otero County. Part of the problem, however, is that Plaintiff's Count IV allegations fail to distinguish between the alleged actions of each defendant and fails to place each defendant on notice about the claims against which they must specifically defend. The New Mexico Tort Claims Act ("NMTCA") preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties, except as specifically waived. *Fernandez v. Mora-San Miguel Elec. Co.-Op., Inc*., 462 F.3d 1244, 1250 (10th Cir. 2006); *see also* N.M. Stat. Ann. § 41-4-4(A) (1978) ("A governmental entity and any public employee while acting within the scope of duty are granted immunity for any tort except as waived . . . .") To prove a claim of false imprisonment, a plaintiff must show that (1) the defendants intentionally confined the plaintiff without plaintiff's consent; and (2) the defendant's knew that they had no lawful authority to do so. *See Scull v. New Mexico*, 236 F.3d 588, 599 (10th Cir. 2000) (interpreting New Mexico law).

In the present case, Plaintiff does not plead a waiver of Otero County's governmental immunity. At all times relevant to this action, Plaintiff was lawfully incarcerated at OCDC while

---

[12] Second Amended Complaint (Doc. 40), page 9, ¶ 73.

he awaited a final disposition of his underlying criminal charges, which ultimately occurred when he pled guilty to certain criminal offenses. Further, Plaintiff does not allege proper facts that would indicate that his incarceration was unlawful and that Otero County was responsible for his unlawful incarceration. Additionally, Plaintiff alleges without providing factual support that the actions of Otero County were "willful, wanton, intentional, and in gross disregard to Plaintiff's rights." Again, these allegations are without any factual support and improper pleadings. For purposes of his false imprisonment claim, Plaintiff fails to identify which actions of Otero County or those of its employees were intentional. Thus, Plaintiff fails to state a claim for false imprisonment upon which relief can be granted.

### IV.     CONCLUSION AND PRAYER

For all of the foregoing reasons, Plaintiff's Second Amended Complaint is legally and factually insufficient and should be dismissed under Rule 12(b)(6) with prejudice, and the Court should grant Defendant Otero County such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915-533-4424
915-546-5360 (Fax)

By: _____
       Richard Bonner
       Richard.Bonner@kempsmith.com

40K8401.DOCX

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of February 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James C. Ellis, Esq.
Daniel P. Estes, Esq.
ELLIS & ESTES
3949 Corrales Rd. Suite 230
Corrales, NM 87048
James@EllisEstes.com
Daniel@EllisEstes.com
*Attorneys for Plaintiff*

Christina Muscarella Gooch, Esq.
SUTIN, THAYER & BROWNE
P.O. BOX 1945
Albuquerque, NM 87103
tmg@sutinfirm.com
*Attorney for Defendant Management & Training Corporation*

By: _____
Richard Bonner
Richard.Bonner@kempsmith.com

40K8401.DOCX