# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,

      Plaintiff,

V.                                 NO. 2:18-cv-0850 JB-JFR

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO,
MANAGEMENT & TRAINING CORP.,
SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC.,
LT. JAVIER SIFUENTES, LT. M. SOTO,
SGT. M. CAMACHO, SGT. V. MOYA,
CPT. R. OCHOA, V. LEON, AND
JOHN DOES 1-6,

      Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OTERO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, Carlos Hasan Hicks, by and through his attorneys of record, ELLIS & ESTES, and submits this Response to Defendant Board of County Commissioners of the County of Otero's ("Otero County") Motion to Dismiss Plaintiff's Second Amended Complaint.

*1. Rule 12(b)(6)*

12(b)(6) motions ask the court to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of

jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In *Twombly*, the Supreme Court refined the standard for courts to use in reviewing a dismissal: courts must test "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Under this standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

### 2. *Plaintiff's Claims Are Timely.*

The appropriate statute of limitations for actions arising under 42 U.S.C. § 1983 within the state of New Mexico is three years. *Wilson v. Garcia*, 471 U.S. 261, 268 (1985).

Plaintiff first brought claims against Otero County (under the name "Otero County Detention Center" and "OCDC") in his *pro se* Complaint, dated 09/10/2018. In that Complaint, Plaintiff alleged that Otero County violated his due process rights by subjecting him to "cruel and unusual punishment" by transferring him to Otero County Prison Facility ("OCPF") without an adjudication of guilt for his pending criminal charges and for denying him dental care.

After retaining current counsel, Plaintiff filed an Amended Complaint that further developed these abuses. *See* Plaintiff's Amended Complaint (Doc. 22). Specifically, Plaintiff alleged that, by instituting certain policies, customs, decisions, and practices, Otero County created a climate within OCDC that caused pre-trial detainees to be deprived of adequate medical and

mental health care and be subjected to inhumane conditions of confinement, including *inter alia*, extended periods of solitary confinement for no legitimate reason. *Id.* at ¶ 41.

On January 14, 2021, Plaintiff, by leave and order of this Court, filed his Second Amended Complaint. (Doc. 40). In his Second Amended Complaint, Plaintiff described how, while detained in OCDC, he was placed in solitary confinement without a hearing and for no legitimate penological reason between the dates of October 24, 2017 and November 29, 2017. *Id.* at ¶¶ 35-37. Plaintiff further described that when he returned to OCDC on August 30, 2018, he was immediately placed in solitary confinement without a hearing and for no legitimate penological reason, until October 19, 2018. *Id.* at ¶¶ 42-44. Plaintiff then described how he was placed in solitary confinement within OCDC from the dates of November 30, 2018 to April 9, 2019, again without a hearing and without any legitimate penological reason. *Id.* at ¶¶ 46-48. All of these events occurred within the three-year period of Plaintiff's original Complaint.

With regard to Plaintiff's allegations regarding personal injuries caused by Defendants' failure to provide reasonable dental care, Plaintiff has alleged that he began complaining of dental problems on approximately 02/17/2016. *See* Plaintiff's Second Amended Complaint at ¶ 50; *see also* Plaintiff's original Complaint (Count 2 against Otero County Detention Center describes the failure of the County to provide access to dental care, beginning in July of 2017). Accordingly, all of Plaintiff's claims fall within three years of Plaintiff's original Complaint.

Plaintiff's Second Amended Complaint is similarly timely because the accusations made against Otero County therein relate back to the original Complaint under Rule 15(c)(B), which requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]"

### 3. Plaintiff Has Sufficiently Pleaded Procedural and Substantive Due Process Violations Committed by Otero County.

The Fourteenth Amendment states that no state shall deprive any person of life, liberty, or property, without due process of law. U.S. CONST. AMEND XIV. The Due Process Clause encompasses both procedural and substantive protections. Procedural due process requires the government to employ fair procedures when depriving a person of a protected interest. Substantive due process prohibits the government from depriving a person of a protected interest for certain reasons.

To trigger a due process analysis, the person filing suit must first have a protected interest in life, liberty, or property. As the Supreme Court in *Bell v. Wolfish* explained, "what is at issue when an aspect of pretrial detention that is not alleged to violate any express guarantee of the Constitution is challenged, is the detainee's right to be free from punishment." 441 U.S. 520, 534. Thus, the constitutionality of a pretrial detainee's conditions of confinement under a Due Process analysis hinges on whether the conditions of confinement amount to "punishment" in the constitutional sense. *See Littlefield v. Deland*, 641 F.2d 729, 731 (10th Cir. 1981) (placing a detainee in a strip cell for 56 days without notice or hearing was a violation of detainee's rights under the Fourteenth Amendment). "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. at 535.

In the case at bar, Mr. Hicks has pleaded that his placement in solitary confinement while housed at OCDC and while in the custody of Otero County was "conducted as punishment and served no penological interest." *E.g.*, Second Amended Complaint at ¶ 47. Such allegations are more than plausible, especially given the context of Mr. Hicks' 38-month pretrial detention, during which he spent over 70% (approximately 842 of 1,171 days) of his time in solitary confinement

and was never given notice or an opportunity to challenge the conditions in which he was confined. *See* Second Amended Complaint at ¶ 29; *accord Fogle v. Pearson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (district court abused its discretion when it held that holding an inmate in administrative segregation for three years did not violate inmate's due process rights); *see also Gaines v. Stenseng*, 292 F.3d 1222, 1225-26 (10th Cir. 2002) (admonishing courts to "carefully examine [] the conditions of the prisoner's confinement" before determining whether such conditions were constitutional).

Accordingly, Mr. Hicks has plausibly alleged that Defendants, including Otero County, violated his clearly established liberty interests when they caused him to be placed in solitary confinement for a total of 842 days without notice, hearing, or a meaningful opportunity to challenge his conditions of confinement, all in violation of Mr. Hicks' procedural due process rights.

A pre-trial detainee's conditions of confinement may also implicate substantive due process. "To make a substantive due process claim for conditions of confinement, a plaintiff must satisfy two requirements. . . . First, the alleged deprivation must be "sufficiently serious," which turns on the severity of the alleged deprivations and their duration. . . . Second, [a plaintiff] must show that the jail officials had a sufficiently culpable state of mind." *Romero v. Bd. Of Cnty. Comm'rs*, 202 F. Supp. 3d 1223, 1261-62 (D. N.M. 2016).

To determine whether the first prong of the substantive due process test is met, courts must take a holistic look at the detainee's allegations, rather than asking whether each specifically alleged violation is "sufficiently serious". *Id.* at 1261 (citing *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)). In Mr. Hicks' case, he has alleged that he remained in the custody of Otero County through his entire 38-month pretrial detention. Second Amended Complaint at ¶ 25. Mr. Hicks

also alleges that Otero County was aware that he suffered from pre-existing mental health conditions, including schizoaffective disorder and post-traumatic stress disorder. *Id.* at ¶ 27. Mr. Hicks alleges that the extreme duration of his solitary confinement caused his mental health to deteriorate (*Id.* at ¶ 56) and that the uncertainty of how much longer he would have to stay in solitary confinement caused him to take a plea that he otherwise would not have taken (*Id*. at ¶ 26). Finally, Mr. Hicks has alleged that he was denied dental care, even though he made repeated requests to be seen by a dentist. *Id.* at ¶¶ 50-53. Taken as a whole, Mr. Hicks has sufficiently alleged that the deprivations he suffered due to his conditions of confinement were "sufficiently serious".

Mr. Hicks has also adequately alleged that Defendants acted with deliberate indifference to his health and safety, in satisfaction of the second prong. *See, e.g.*, Second Amended Complaint at ¶¶ 63-71.

On these allegations, Mr. Hicks has adequately stated a substantive due-process claim.

### *4. Otero County is Directly Responsible for Depriving Mr. Hicks of His Constitutional Liberties.*

Section 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell v. Dep't. of Soc. Servs.* 436 U.S. 658, 692 (1978) (quoting 42 U.S.C. § 1983). To establish municipal liability under § 1983, a plaintiff must demonstrate:

> (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the alleged injury.

*Griego v. City of Albuquerque*, 100 F. Supp 3d 1192, 1212 (D. N.M. 2015) (citing *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

6

In order to sufficiently plead informal policies, customs, or practices, the plaintiff "can plead either a pattern of multiple similar instances of misconduct – no set number is required . . . – or use other evidence, such as a police officers' statements attesting to the policy's existence." *Id.*

Mr. Hicks has alleged that during his 38-month pretrial detention, he was repeatedly housed in solitary confinement in violation of his due process rights. Specifically, Mr. Hicks has alleged he spent the following days in solitary confinement:

- March 2016 - February 2017 (while housed in OCPF);
- October 24, 2017 – November 29, 2017 (while housed in OCDC);
- November 29, 2017 – August 30, 2018 (while housed in OCPF);
- August 30, 2018 – October 19, 2018 (while housed in OCDC);
- November 30, 2018 – April 9, 2019 (while house in OCDC).

As alleged by Mr. Hicks, he was subjected to this obvious pattern of multiple similar instances of misconduct because of Otero County's policies of housing the mentally ill and pretrial detainees in solitary confinement (Second Amended Complaint at ¶¶ 74 and 75); *see also Id.* at ¶ 54.

Accordingly, Plaintiff's *Monell* claims against Otero County are sufficiently plead.

On these allegations, Mr. Hicks has adequately stated a substantive due-process claim.

5. ***Plaintiff's False Imprisonment Claims Stem from the Fact that He was Unlawfully Housed in Solitary Confinement and are Sufficiently Plead.***

The New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1, *et seq*. shields governmental entities and public employees from tort liability unless immunity has been waived. Section 41-4-12 waives governmental immunity for claims of false imprisonment. To establish a claim of false imprisonment, plaintiffs must show that: (1) Defendants intentionally confined or restrained the

plaintiff without the plaintiff's consent; and (2) Defendants knew that they had no lawful authority to do so. *See Reed v. State of New Mexico*, 1999 U.S. Dist. LEXIS 25221 * 19 (D. N.M. 1999) (citing *Diaz v. Lockheed Electronics*, 95 N.M. 28 (1980)).

In this case, Mr. Hicks has pleaded that Defendants, including employees of Otero County, intentionally housed him in solitary confinement, and that they did so to punish him and not for any legitimate penological interest. Thus, Mr. Hicks has sufficiently pleaded claims of false imprisonment against Otero County.

WHEREFORE, for the reasons set forth above, this Court should deny Otero County's Motion to Dismiss in its entirety.

Respectfully submitted,

**ELLIS & ESTES**

By: ___*/s/ Daniel P. Estes*___
Daniel P. Estes
3949 Corrales Rd. Ste. 230
Corrales, NM 87048
Tel: (303) 266-0800
Daniel@EllisEstes.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 18, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as fore fully reflected on the Notice of Electronic Filing:

Richard Bonner
**KEMP SMITH LLP**
PO Box 2800
El Paso, TX 79999-2800
Richard.Bonner@kempsmith.com
*Attorneys for Defendant Board of County Commissioners*
*Of the County of Otero*

Christina Muscarella Gooch
**SUTIN, THAYER & BROWNE**
PO Box 1945
Albuquerque, NM 87103
tmg@sutinfirm.com
*Attorneys for Defendant Management & Training Corp.*


By:  */s/ Daniel P. Estes*
Daniel P. Estes
3949 Corrales Rd. Ste. 230
Corrales, NM 87048
Tel: (303) 266-0800
Daniel@EllisEstes.com
*Attorneys for Plaintiff*