IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **CARLOS HASAN HICKS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 2:18-cv-0850 JB/JFR |
| § | |
| **BOARD OF COUNTY** § | |
| **COMMISSIONERS OF THE** § | |
| **COUNTY OF OTERO, MANAGEMENT** § | |
| **& TRAINING CORPORATION,** § | |
| **SOUTHWEST CORRECTIONAL** § | |
| **MEDICAL GROUP, INC., LT. JAVIER** § | |
| **SIFUENTES, LT. M. SOTO, SGT. M.** § | |
| **CAMACHO, SGT. V. MOYA, CPT. R.** § | |
| **OCHOA, V. LEON, AND JOE DOES 1-6** § | |
| § | |
| Defendants. § | |

**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OTERO REPLY IN SUPPORT OF MOTION TO DISMISS (Doc. 43)**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

COMES NOW Defendant Board of County Commissioners of the County of Otero (the "Board" or "Defendant") and file this Reply to Plaintiff's Response In Opposition to Defendant Board's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 42). In support, the Board states as follows:[1]

## I.   INTRODUCTION

Plaintiff's Second Amended Complaint should be dismissed because it fails to state a claim against Defendant upon which relief can be granted. Plaintiff has had ample time to investigate his

---

[1] Defendant brings this Motion pursuant to Rule 12 and therefore reserves the right to state available affirmative defenses in an Answer, should one become necessary. Defendant also reserves the right to rely on other defenses as they become known during discovery and do not knowingly waive any defenses. Furthermore, Defendant incorporates by reference as if fully set forth herein its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28).

allegations against Defendant, both while detained at the Otero County Detention Center, as well as after his release. Yet, his Second Amended Complaint fails to plead factual content sufficient enough to allow the Court to draw a reasonable inference that Defendant is liable for any of Plaintiff's claimed injuries.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff Has Not Plead Sufficient Facts To Establish Defendant Established Any Policy or Custom That Resulted In his Alleged Constitutional Injuries.

It is well established that a municipality can be held liable under Section 1983 for acts of its employees only if an official "policy or custom" caused the constitutional injury. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Supreme Court has made clear that there is no *respondeat superior* liability under Section 1983. *Lymon v. Aramark*, 728 F. Supp. 2d at 1239. There can be no recovery under Section 1983 on a theory of *respondeat superior*. A municipality will not be held liable under Section 1983 solely because its officers inflicted injury. *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1212 (2015).

In pleading a municipal policy or custom, the plaintiff cannot simply allege that there is a policy in place, but rather must plead facts that, if true, would give rise to a plausible inference that such a policy exists. *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1213 (2015). With formal or written policies the plaintiff can simply allege what the policy is and where it is codified. *Id*.

In this case, Plaintiff despite having been incarcerated at the Otero County Detention Center on numerous occasions, including when he first filed his pro se complaint, has never pointed the Court to formal or written policies that support his allegations that Defendant has an official policy that caused Defendant to violate his constitutional rights.

With informal policies, unwritten policies, customs, or practices, the plaintiff can plead either a pattern of multiple similar instances of misconduct for which no set number is required or use other evidence, such as a police officer's statements attesting to the policy's existence. *Id*. The Court should analyze policies, practices, or customs under *Monell* as "legal conclusions" at the pleading state — which must be supported by facts, rather than conclusorily alleged – and not "facts" in and of themselves, to be taken as true at face value. *Id*.  Absent a formal written policy, establishing an informal policy or custom requires the plaintiff to show that the misconduct was "widespread" – i.e., that it involves a "series of decisions." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "A complaint that tracks *Monell's* requirement of official policy with bare allegations cannot stand …. The absence of any facts at all to support plaintiff's claims render the allegations mere legal conclusions of Section 1983 liability devoid of any well-placed facts. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981).

In his response, Plaintiff claims that his *Monell* claims are sufficiently pled because he has alleged that during his 38-month pretrial detention, he was "repeatedly housed in solitary confinement in violation of his due process rights." But he fails to address the fact that the decision by a detention center to place an inmate in administrative segregation alone is not sufficient to create Section 1983 liability, and fails  to identify the protected interest he claims was protected by his due process rights, or any other constitutional right. Furthermore, in his Second Amended Complaint, Plaintiff specifically attributes his placement in administrative segregation to the actions or omission of Defendant Lt. Sifuentes – not this Defendant – nor a particular policy or custom, whether a written policy or informal custom – of this Defendant. "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the

municipality is actually responsible, *Pembaur v. City of Cincinnatti*, 475 U.S. 469, 470 (1986), which Plaintiff has failed to do.

### III.     CONCLUSION

For all of the foregoing reasons, the Court should dismiss Plaintiff's Second Amended Complaint (Doc. 42) with prejudice because it is legally and factually insufficient. Accordingly, Defendant respectfully requests that the Court dismiss the claims against Defendant with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and for such other relief that the Court deems just and proper.

        Respectfully submitted,

        KEMP SMITH LLP
        P.O. Box 2800
        El Paso, Texas 79999-2800
        915-533-4424
        915-546-5360 (Fax)

By: _____
        Richard Bonner
        Richard.Bonner@kempsmith.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of March 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| James C. Ellis, Esq.<br>ELLIS & ESTES<br>3949 Corrales Rd. Suite 230<br>Corrales, NM 87048<br>James@EllisEstes.com<br>*Attorneys for Plaintiff* | Christina Muscarella Gooch, Esq.<br>SUTIN, THAYER & BROWNE<br>P.O. BOX 1945<br>Albuquerque, NM 87103<br>tmg@sutinfirm.com<br>*Attorneys for Defendant Management & Training Corp.* |

By: _____
        Richard Bonner
        Richard.Bonner@kempsmith.com