UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,

        Plaintiff,

v.                                                                     No. 2:18-cv-0 850 JB/JFR

BOARD OF COUNTY COMMISSIONERS
of the COUNTY OF OTERO, *et al.*,

        Defendants,

## SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC.'s MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE STATUTE OF LIMITATIONS

COMES NOW Defendant Southwest Correctional Medical Group, Inc. ("SWCMG"), through its attorneys, Park & Associates, LLC, and respectfully moves the Court pursuant to Fed. R. Civ. P. 56 for partial summary judgment on the statute of limitations applicable to Plaintiff's claims against SWCMG.

### QUESTION PRESENTED

The question before the Court in this Motion is whether the statute of limitations bars Plaintiff's attempts to recover from SWCMG based on its conduct before January 14, 2018. SWCMG contends that the question requires the straightforward application of undisputed fact to settled law. Ample precedent, including Supreme Court cases on point, demonstrates that Plaintiff cannot use Federal Rule of Civil Procedure 15(c) to relate his Second Amended Complaint for Damages Caused by the Deprivation of Civil Rights and Tortious Conduct ("operative Complaint") [Doc. 40], filed on January 14, 2021, back to his initial Complaint [Doc. 1] filed on September 10, 2018, or his Amended Complaint for Damages Caused by the Deprivation of Civil Rights filed on April 24, 2020 [Doc. 22], neither of which named SWCMG. As such, this action

did not commence against SWCMG until Plaintiff filed his operative Complaint on January 14, 2021. Therefore, the three-year statute of limitations applicable to Plaintiff's causes of action against SWCMG bars Plaintiff from recovering from SWCMG based on conduct occurring before January 14, 2018.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed his initial Complaint [Doc. 1] on September 10, 2018. Plaintiff filed his Amended Complaint for Damages Caused by the Deprivation of Civil Rights [Doc. 22] on April 24, 2020. Neither version of the lawsuit named SWCMG as a defendant. Plaintiff filed the operative Complaint [Doc. 40] on January 14, 2021. The operative Complaint for the first time names SWCMG as a party defendant. The operative Complaint asserts a single cause of action against SWCMG, Count II alleging violation of substantive due process. Doc. 40 at ¶¶ 61-72. The other three counts of the operative Complaint (as well as Count II) are asserted against other defendants.

Against SWCMG, Plaintiff alleges that SWCMG provided medical services to the Otero County Detention Center ("OCDC") during all times relevant to the operative Complaint. Id. at ¶ 6. Plaintiff does not allege that SWCMG was responsible for providing mental health care or treatment at OCDC. Id. Plaintiff further contends that his broken and infected teeth went untreated by SWCMG and other defendants, resulting in "serious damage to his dental health." Id. at ¶¶ 50-53. Lastly, Plaintiff alleges he "suffered (and continues to suffer) from physical … damage," but he ascribes this damage to his "extended time in solitary confinement," which Plaintiff does not allege SWCMG had any role in causing. Id. at ¶ 56.

Plaintiff asserts that he was detained at OCDC from January 5, 2015, until January 9, 2015; from January 24, 2016, until an unspecified time in March 2016; from March 23, 2017, until

November 29, 2017; from August 30, 2018, until October 19, 2018; and from November 30, 2018, until April 9, 2019. Id. at ¶¶ 21, 22, 24, 31, 34-36, 41, 45, 46, and 48. As explained below, SWCMG is not liable for any tortious conduct that occurred before January 14, 2018, because liability for any such conduct, which SWCMG denies, is time-barred. Thus, the only two spans of detention at OCDC for which SWCMG could be liable are the periods from August 30, 2018, until October 19, 2018, and from November 30, 2018, until April 9, 2019.

LEGAL STANDARDS & ARGUMENT

I. **The Undisputed Material Facts Show That Plaintiff Did Not Commence His Lawsuit Against SWCMG Until January 14, 2021**

SWCMG states the following material facts for purposes of this Motion that, if not properly controverted by Plaintiff pursuant to Federal Rule of Civil Procedure 56(c), entitle SWCMG to judgment as a matter of law:

1. Plaintiff filed his initial Complaint [Doc. 1] on September 10, 2018. See, Doc. 1.

2. Plaintiff's Complaint did not name SWCMG as a defendant. Id.

3. On March 25, 2020, the Court granted Plaintiff thirty (30) days to file an amended Complaint. See Order [Doc. 21].

4. Plaintiff filed his Amended Complaint for Damages Caused by the Deprivation of Civil Rights filed [Doc. 22] on April 24, 2020. See, Doc. 22.

5. Plaintiff's Amended Complaint for Damages Caused by the Deprivation of Civil Rights did not name SWCMG as a defendant. Id.

6. On November 6, 2020, the Magistrate Judge recommended Plaintiff be permitted to file another amended Complaint. See, Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 37].

7.      On December 18, 2020, the Court adopted the Magistrate Judge's Proposed Findings and Recommended Disposition.  See, Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Finding and Recommended Disposition [Doc. 38].

8.      Plaintiff filed his operative Complaint [Doc. 40], on January 14, 2021.

**II.     The Court May Grant SWCMG Summary Judgment Barring Its Liability for Actions or Failures To Act That Predate January 14, 2018**

Summary judgment on the statute of limitations that applies to claims brought against SWCMG based on conduct predating January 14, 2018 is appropriate.  "The court ***shall*** grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a) (emphasis added). An issue is "genuine" if sufficient evidence exists on each side of an issue that a rational trier of fact could resolve the issue either way.  See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim.  See, id.  Furthermore, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The party moving for summary judgment bears the initial burden of making a *prima facie* showing of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  See, Celotex, 477 U.S. at 323.  The movant need not negate the opponent's claim if the movant will not bear the burden of persuasion at trial.  See, id. at 325. Rather, such a movant may make its *prima facie* showing by pointing out a lack of evidence on an essential element of the nonmovant's claim. See, id.

4

If the movant carries this initial burden, the burden shifts to the nonmovant to go beyond the pleadings and set out specific facts that would be admissible in evidence at trial from which a rational trier of fact could find for the nonmovant. FED.R.CIV.P. 56(c); see, Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 248. The nonmovant's facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. See, Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 506 U.S. 1013, 113 S.Ct. 635 (1992).

**III.     All Claims Based on Incidents That Occurred Before January 14, 2018, Are Barred by NMSA 1978, § 37-1-8**

Claims against SWCMG are barred three years after the conduct allegedly giving rise to the claims occurred. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094 (2007). "[T]he New Mexico statute of limitations is three years." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008), citing NMSA 1978, § 37-1-8.

**IV.     Plaintiff's Claims Under Section 1983 Began to Accrue When the Allegedly Tortious Acts or Failures to Act Occurred**

SWCMG denies that Plaintiff has stated or can prove a valid cause of action against it. Nonetheless, for purposes of this Motion only, Plaintiff's purported claims accrued, and the statute of limitations began to run, upon injury to Plaintiff. "[T]he accrual date of a §1983 cause of action is a question of federal law that is not resolved by reference to state law. … Aspects of §1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that accrual

occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace, 549 U.S. at 388 (citations, internal quotations, and brackets omitted).

"A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993). Moreover, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." Id.; see also, Sikkink v. Williams, 406 F. Supp. 3d 1006, 1018 (D.N.M. 2019) ("A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run.").

For example, a plaintiff who sued alleging loss of property as a result of an illegal police search could not rely on his having fled the scene and thus been unaware of the extent of the property loss until later:

> [The plaintiff] may not have known the full extent of his property-related injuries on June 14, 2000, when the search was initiated; however, in his complaint, he acknowledges that he was present when [the defendants] arrived and allegedly began shooting.  Even if [the plaintiff's] own flight may have prevented him from immediately surveying the extent of his property loss, and even if we assume the search did occur over several days, [the plaintiff] certainly 'had reason to know' that the events giving rise to this action were occurring as early as June 14, 2000.  Therefore, we agree with the district court's conclusion that June 14, 2000, is the applicable accrual date for [the plaintiff's] search-related claims.

Price v. Philpot, 420 F.3d 1158, 1163 (10th Cir. 2005).  The Price court reversed the trial court's dismissal of a separate claim for excessive force arising out of a later arrest, however, because that claim was filed within the applicable statute of limitations.  Id.  Thus, Price makes clear a trial court should dismiss claims based on actions occurring outside the statute of limitations but may consider claims based on acts that take place within the statute of limitations.

V. **Plaintiff's Claims Against SWCMG Do Not Relate Back to the Date He Filed His Initial Complaint, Because Rule 15 Does Not Apply Where a Plaintiff Adds New Parties**

Plaintiff's claims based on actions that took place more than three years before the day Plaintiff amended his Complaint to name SWCMG are time-barred, because Plaintiff's claims against SWCMG do not relate back to the date Plaintiff filed his original Complaint. Federal Rule of Civil Procedure 15(c) governs relation back of amended pleadings. It provides:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c). Textually, Rule 15(c)(1)(C) applies when a plaintiff seeks to "change[] the party … against whom a claim is asserted" or "change[] … the name of the party against whom a claim is asserted" because of "a mistake concerning the proper party's identity." Accordingly, relation back is not available where a plaintiff chooses not to name a defendant, then later changes her mind, because the initial decision not to sue was not a "mistake." Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n. 1, (2000) (construing FED. R. CIV. P. 15(c)(3)'s "mistake clause," renumbered in 2007 as Rule 15(c)(1)(C)(ii)). In addition, "[a] prospective defendant who legitimately believed

7

that the limitations period had passed without any attempt to sue him has a strong interest in repose." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 550 (2010).

*Accord*, Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004) (ruling a plaintiff's lack of knowledge of a "John Doe" defendant's identity is not a mistake concerning a proper party's identity); Butchard v. Cty. of Doña Ana, 287 F.R.D. 666, 670 (D.N.M. 2012) (same); In re Vitamin C Antitrust Litigation, 995 F.Supp.2d 125, 129 (E.D.N.Y. 2014) ("The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so"); Cornwell v. Robinson, 23 F.3d 694, 705 (2nd Cir. 1994) ("[Plaintiff] was not required to sue [the later-named defendants], and her failure to do so in the original complaint, in light of her obvious knowledge and the detailed nature of that pleading's exhibit, must be considered a matter of choice, not mistake"); Telesaurus VPC, LLC v. Power, No. CV 07-01311-PHX-NVW, 2011 WL 5024239, at *2 (D. Ariz. Oct. 21, 2011) (unpublished) ("On its face, this language permits only substitution, not addition, of parties. [Plaintiff] seeks to add [a new defendant], not substitute her for a preexisting defendant. Therefore, by the language of the Rule, [Plaintiff's] claims against [the new defendant] do not relate back").

### VI. Plaintiff Did Not Commence His Action Against SWCMG Until He Amended His Complaint on January 14, 2021

Plaintiff commenced his action against SWCMG when he filed his operative Complaint [Doc. 40] on January 14, 2021. Generally, "[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitation purposes." Arredondo v. Locklear, No. CV 03-0156 KBM/LCS, 2004 WL 7337868, at *2 (D.N.M. June 15, 2004) (unpublished) (emphasis omitted), citing Derdiarian v. Futterman Corp., 36 F.R.D. 192, 194 (S.D.N.Y. 1964); Northwestern Nat. Ins. Co.

8

of Milwaukee, Wis. v. Alberts, 769 F. Supp. 498, 510 (S.D.N.Y. 1991); and Rothman v. Gregor, 220 F.3d 81, 91 (2nd Cir. 2000). See also, Teri v. Spinelli, 980 F.Supp.2d 366, 377 (E.D.N.Y. 2013) ("It is the date [the plaintiffs] sought to amend to add [the additional defendant] that marks the date the action was commenced against him for statute of limitations purposes").

Here, the undisputed material facts show that Plaintiff did not name SWCMG as a defendant before January 14, 2021, and did not file a motion to amend seeking to add SWCMG. Statement of Material Facts ("SMF") at ¶¶ 1-8. As such, SWCMG had no knowledge or reason to know that it would be a defendant in the operative Complaint, and the operative Complaint does not relate back to previous iterations of Plaintiff's lawsuit. Id. Accordingly, the Court should grant SWCMG summary judgment on all claims that arose against SWCMG, if any arose, before January 14, 2018.

WHEREFORE, Southwest Correctional Medical Group, Inc. respectfully moves the Court for an Order granting partial summary judgment on the statute of limitations and barring any claims against the movant based on conduct occurring before January 14, 2018, as well as for any further relief the Court deems just.

    Respectfully submitted,

    PARK & ASSOCIATES, LLC

    By: /s/ Geoffrey D. White
        Geoffrey D. White
        *Counsel for Southwest Correctional Medical Group, Inc.*
        3840 Masthead St. NE
        Albuquerque, NM 87109
        (505) 246-2805

I hereby certify a true and correct copy of the foregoing was served by the Courts' CM/ECF system on this  7th  day of June, 2021.

And to Plaintiff *Pro Se* at:

Carlos Hasan Hicks
1306 22nd Street
Alamogordo, NM 88310

/s/ Geoffrey D. White
Geoffrey D. White