IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,

    Plaintiff,

vs.                                                                                                                  No. CIV 18-0850 JB/JFR

DISTRICT JUDGE, DIV. II OF TWELFTH
JUDICIAL DISTRICT; STATE OF NEW
MEXICO DISTRICT ATTORNEY'S
OFFICE; OTERO COUNTY PRISON
FACILITY; ALAMOGORDO POLICE
DEPARTMENT; ALAMOGORDO
PUBLIC DEFENDER'S OFFICE; BOARD
OF COUNTY COMMISSIONERS OF THE
COUNT OF OTERO; JOHN DOE 1;
CAROLYN BARELA; RICK MARTINEZ;
MANAGEMENT AND TRAINING
CORPORATION; SOUTHWEST
CORRECTIONAL MEDICAL GROUP,
INC.; JAVIER SIFUENTES; M. SOTO;
M. CAMACHO.; V. MOYA; R. OCHOA;
V. LEON and JOHN DOES 1-6,

    Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 30, 2021 (Doc. 72)("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that failure to do so waives appellate review. To date, neither party has filed any objections, and there is nothing in the record indicating that the proposed findings were not delivered. The Court concludes that the conclusions of the Honorable John. F. Robbenhaar, United States Magistrate Judge for the District of New Mexico, are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and the Court therefore adopts them. The Court also: (i) denies the Defendant Board of County Commissioners of the County of Otero's ("Otero County")

Motion to Dismiss Plaintiff's Second Amended Complaint, filed on February 24, 2021 (Doc. 41); and (ii) grants the Plaintiff's Motion for Counsel filed May 7, 2021 (Doc. 69), to the extent Plaintiff is seeking additional time to retain new counsel.  Plaintiff Carlos Hasan Hicks has thirty days from the filing of this Order to retain new counsel.  If Hicks retains new counsel, his attorney shall have thirty days from any entry of appearance to respond to the three pending motions: (i) Defendant Management & Training Corp., Capt. Ochoa, Lt. M. Soto, Sgt. V. Moya, and Sgt. M. Camacho's Motion to Dismiss Plaintiff's Second Mended Complaint, filed March 15, 2021 (Doc. 52); (ii) Defendant Lt. Javier Sifuentes' Motion to Dismiss Plaintiff's Second Amended Complaint, filed April 19, 2021 (Doc. 64); and (iii) Southwest Correctional Medical Group, Inc.'s Motion for Partial Summary Judgment on the Statute of Limitations, filed June 7, 2021 (Doc. 70).

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., With Bldgs, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are

---

[1] Congress enacted the Federal Magistrates Act, 28 U.SC. §§ 631-39, in 1968.

truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order

as . . . [a failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States of America has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate, . . . 'Congress intended to permit whatever reliance a district judge, in the exercise of

sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]³ contrary to

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a

law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court, however, is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court has reviewed carefully the PFRD. The Court did not review the PFRD de novo, because the parties have not objected to it, but rather has reviewed Magistrate Judge Robbenhaar's findings and recommendation to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 30, 2021 (Doc. 72), is adopted; (ii) the Motion to Dismiss Plaintiff's Second Amended Complaint, filed on February 24, 2021 (Doc. 41), is denied;

---

Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations.  Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

(iii) the Plaintiff's Motion for Counsel, filed May 7, 2021 (Doc. 69), is granted to the extent Plaintiff Carlos Hasan Hicks is seeking additional time to retain new counsel; Hicks shall have thirty days from the entry of a final order in this matter to retain new counsel; and (iv) if Hicks retains new counsel, his attorney shall have thirty days from any entry of appearance to respond to the three pending motions: (a) Defendant Management & Training Corp., Capt. Ochoa, Lt. M. Soto, Sgt. V. Moya, and Sgt. M. Camacho's Motion to Dismiss Plaintiff's Second Mended Complaint, filed March 15, 2021 (Doc. 52), (b) Defendant Lt. Javier Sifuentes' Motion to Dismiss Plaintiff's Second Amended Complaint, filed April 19, 2021 (Doc. 64), and (c) Southwest Correctional Medical Group, Inc.'s Motion for Partial Summary Judgment on the Statute of Limitations, filed June 7, 2021 (Doc. 70).

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Carlos Hasan Hicks
Alamagordo, New Mexico

    *Plaintiff pro se*

Richard A. Bonner
Kemp Smith, LLP
El Paso, Texas

    *Attorneys for Defendants Board of County Commissioners of Otero, Carolyn Barela, and Javier Sifuentes*

Christina Muscarella Gooch
Sutin, Thayer & Browne
Albuquerque, New Mexico

    *Attorney for Defendants Rick Martinez*

Alfred A. Park
Geoffrey D. White
Park & Associates, LLC
Albuquerque, New Mexico

  *Attorney for Defendant Southwest Correctional Medical Group, Inc.*