IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS HASAN HICKS,

    Plaintiff,

v.                                                      No. 2:18-cv-0850 DHU-JFR

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO, *et al.*,

    Defendants.

### ORDER OVERRULING SWCMG'S OBJECTIONS AND ADOPTING THE PFRD RE: DOCS. 52, 64, and 70:

THIS MATTER is before the Court subsequent to its Order of Reference, filed May 2, 2019. Doc. 14.[1] Therein, the district court referred this matter to Magistrate Judge John F. Robbenhaar to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case" and "to submit an analysis, including findings of fact, if necessary, and recommended disposition." *Id*. On January 19, 2022, Judge Robbenhaar filed his Proposed Findings and Recommended Disposition ("PFRD"). Doc. 91. Judge Robbenhaar addressed three substantive motions, Documents 52, 64 and 70, as well as four additional motions, Documents 77, 82, 85 and 86. The magistrate judge permitted Plaintiff to proceed with his civil rights claim, with some limitations, as set forth in the PFRD. *See* Doc. 91.

On February 1, 2022, one Defendant, Southwest Correctional Medical Group., Inc. ("SWCMG"), objected to the PFRD with respect to count two of the second amended complaint ("SAC"), where Plaintiff alleges that SWCMG violated his substantive due process rights by failing to provide necessary medical and dental services during his prolonged and unwarranted

---

[1] This matter was originally assigned to District Judge James O. Browning.

1

solitary confinement. SWCMG is a California corporation that provides medical services to correctional facilities, including the Otero County Detention Center ("OCDC") where Plaintiff was housed at certain times of his confinement. Doc. 40 ¶ 6. SWCMG argues that the statute of limitations should bar Plaintiff's claim against it, and that the relation-back doctrine should not apply here. Judge Robbenhaar recommended applying that discretionary doctrine based on Defendants' failure to provide the discovery Plaintiff needed to properly identify the party responsible for his medical services while he was detained and held in solitary confinement. Plaintiff did not respond to the objections, nor did any other Defendants. The Court, therefore, considers SWCMG's objections here along with its *de novo* review of the PFRD, and for the reasons set forth below, overrules the objections and adopts the PFRD.

Plaintiff's lawsuit presents constitutional and tort challenges concerning 842 (out of 1171) days he spent in solitary confinement as a pretrial detainee at two New Mexico state prison facilities. Plaintiff contends that Defendants provided no reason for his solitary placement, and that he received no notice or opportunity to challenge that detention prior to being released after his decision to plead guilty, which he states he only did to end the solitary confinement. Plaintiff also alleges he was denied important medical and dental care that should have been available during his pretrial detention.

**Procedural and Factual Background**

Plaintiff's SAC alleging improper or lack of medical care spans the period of time he was placed in solitary confinement while detained from October 24, 2017 to April 9, 2019. Plaintiff filed his original complaint on September 10, 2018 (Doc. 1), and the first amended complaint ("FAC") on April 24, 2020 (Doc. 22), both within the three-year statute of limitations considering Plaintiff's first placement in solitary confinement in October 2017. In his original September 2018 complaint, Plaintiff alleged the following matters with respect to his detention at

OCDC:

> I'm subject to speak to an [sic] doctor 'by way of video and not in the physical. I was subjected to lay on a table in the library to have x-rays taken as opposed to a proper medical facility. On or about July 2017 I suffered an absess [sic] tooth. I was given medication, but never actually seen by a dentists after requesting to see one.

Doc. 1 at 6. In April 2020, with assistance of counsel, Plaintiff's FAC further stated as follows:

> During the 38 months of Plaintiff's pre-trial detention [at OCDC and OCPF],[2] Plaintiff suffered medical conditions that went unaddressed, despite Plaintiff's administrative requests for medical care, mental health care, and dental treatments.

Doc. 22 ¶ 23. At the time of the FAC, Plaintiff (who was still awaiting discovery) mistakenly asserted that:

> Defendant Barela, acting in her role as Director of OCDC, caused Plaintiff to be deprived of appropriate medical, mental health, and dental care, such that, for example, Plaintiff developed a tooth abscess that went untreated, causing damage.

Doc. 22 ¶ 32. Plaintiff also asserted that "as a whole," Defendants ignored and or inadequately addressed Plaintiff's complaints regarding his physical health. *Id*. ¶ 34. Additionally:

> Plaintiff repeatedly complained to Defendants of the unreasonable conditions to which he was being subjected, including repeatedly requesting medical and mental health care. Thus, Defendants knew or should have known of the risk posed to Plaintiff by their actions and omissions as described herein. The actions and omissions described above were conducted with deliberate indifference to Plaintiff's mental and physical health and constitutional rights.

*Id*. ¶¶ 36-37. Plaintiff also identified "John Doe 1" as "the person entrusted by the Board to provide access to medical services to Plaintiff during his detention, and is sued in his individual and official capacities." *Id*. ¶ 7. Plaintiff asserted a substantive due process claim in count 2 of the April 2020 FAC, specifically complaining he experienced limited access to adequate medical care. Doc. 22 at 5.

---

[2] Plaintiff was detained at the OCDC and the Otero County Prison Facility ("OCPF"). Only the OCDC is relevant for the current objections. The Court has considered OCPF and the remaining Defendants in its *de novo* review of the PFRD, in addition to SWCMG's objections.

Notwithstanding Plaintiff's allegations challenging medical services he received at OCDC during his pretrial detention, SWCMG asked the Court to conclude it had no way of knowing, nor should it have known, that Plaintiff's claim could be asserted against it. While Plaintiff named "the person entrusted by the Board to provide access to medical services to Plaintiff during his detention," and alleged claims in "individual and official capacities" SWCMG argues those allegations were insufficient to provide notice to the corporate entity charged with that responsibility. SWCMG sought partial summary judgment based on application of the three-year statute of limitations. Doc. 70.

Judge Robbenhaar recommended denying that motion, finding the SAC related back to the original pleading under Rule 15(c)(1)(B) because it arose out of the same conduct, transaction or occurrence the Plaintiff first set out in his original complaint. Doc. 91 at 12. The magistrate judge found that Plaintiff did not make a deliberate, tactical decision to pursue a particular defendant in lieu of another, but instead, Plaintiff was waiting several years, and after two court orders, for the County to disclose records that would permit the Plaintiff to properly identify the person or entity responsible for administering medical services at the detention centers where he was held, *i.e.*, OCDC and OCPF. Doc. 91 at 18. The Magistrate Judge recommended permitting relation back to occur here based on evidence that Plaintiff diligently sought discovery to ascertain the identity of the individuals or entities allegedly "responsible for the decisions to deny Plaintiff adequate medical care." Doc. 91 at 16; *Alston v. Bellerose*, No. 3:12-CV-147 (CSH), 2016 WL 554770, at *3 (D. Conn. Feb. 11, 2016) (citing *Byrd v. Abate*, 964 F. Supp. 140, 146 (S.D.N.Y. 1997)) (permitting amendment replacing John Doe defendants to relate back pursuant to Rule 15(c) because the plaintiff's "circumstances are distinguishable from those . . . in which the plaintiff "failed to make any efforts to obtain the identity of their

4

names until well after the statute of limitations had run.")).³ Judge Robbenhaar explained that Defendants' failure to produce the discovery Plaintiff requested several times contributed to his inability to identify appropriate defendants and thus properly amend his complaint. *See* Doc. 91 at 15-16 (noting that as late as December 31, 2020, Defendants produced nearly 1500 documents to Plaintiff after not responding to two public record requests in 2019 and 2020). Judge Robbenhaar stated that rule 15(c) may apply where an inmate-plaintiff "made a series of efforts to obtain the identity of the individual officer without prompting, and well before the end of the limitations period," and the identity of John Doe was "uniquely within the knowledge of Corporation Counsel." Doc. 91 at 14-15 (citing *Byrd*, 964 F. Supp. at 146).

In its present objections, SWCMG contends that the relation-back doctrine should not salvage Plaintiff's untimely claim against it for three primary reasons. First, SWCMG argues that the relation-back doctrine fails because the *pro se* Plaintiff did not raise it himself and because the evidence does not support it. Next, SWCMG maintains that Plaintiff waited two-years to name a different defendant as a party, *i.e.*, Defendant Management and Training, Corp. ("MTC"), even though Plaintiff's original complaint revealed he was aware of MTC's identity. SWCMG, therefore, suggests the PFRD impermissibly speculates that SWCMG "knew or should have known" that Plaintiff would ultimately name it as a defendant in his lawsuit. Doc. 93 at 5. In other words, if Plaintiff identified MTC in the original complaint, but only added that entity as a defendant more than two years later, how could SWCMG have known that it would be next?

---

³ "The majority of courts agree that Rule 15(c)(3) does not permit substitution for 'Doe' defendants after the limitations period has run." *Goodman v. Praxair, Inc*. 494 F.3d 458, 470 (4th Cir. 2007) (en banc) (collecting cases). Such substitutions are often barred because Rule 15(c)(3) focuses on the *new party*. Most parties substituted for "Doe" defendants would be protected against being added either because they were prejudiced or because they did not have proper notice. *Est. of Cuffee By & Through Cuffee v. City of Chesapeake, Virginia*, No. 2:08CV329, 2009 WL 10731044, at *6 (E.D. Va. Aug. 4, 2009). Here, the Court notes that SWCMG is a new party that Plaintiff identified after Defendants disclosed relevant discovery that permitted Plaintiff to finally determine which entity was responsible for the medical services at OCDC.

Finally, SWCMG posits that Plaintiff's failure to specifically dispute proffered material facts is a concession to the applicable legal framework under Rule 56 of the Federal Rules of Civil Procedure, and thus to SWCMG's motion for summary judgment. Doc. 93 at 7. While those arguments are framed with reference to the PFRD and the magistrate judge's findings, they largely reassert positions that SWCMG advanced in its motion for partial summary judgment, with only slight modifications as discussed herein. For the reasons described below, this Court overrules the objections and adopts the recommendations in the PFRD.

## Legal Standards

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit,

6

theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the relevant filings and objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review and for the reasons discussed below, the Court finds that SWCMG's objections to the PFRD are unfounded and thus, are overruled. This Court adopts the findings and recommendations in the PFRD as summarized in the conclusion below.

## Analysis

1. The Court Has Authority to Apply the Relation-Back Doctrine Sua Sponte

SWCMG first complains that Judge Robbenhaar impermissibly constructed a legal theory for Plaintiff that former counsel previously asserted in a similar, prior motion, but that Plaintiff, now *pro se*, failed to raise himself in response to the instant motion for partial summary judgment. Doc. 93 at 2. Because counsel's arguments are not evidence, SWCMG contends the Court cannot draw inferences based on those arguments. Plaintiff's sole response to the motion for partial summary judgment was a limited remark on page 7 of his response to Defendant Javier Sifuentes' motion to dismiss under rule 12(b)(6). Doc. 83 at 7 ("P.S. I ask the Court to accept this RESPONSE to Motion for Summary Judgment Document 70 TO DENY THEM PARTIAL SUMMARY, and award me Whole Summary Judgment.") (emphasis in original).

By referring to Plaintiff's former counsel's prior arguments concerning application of the relation-back doctrine to the facts in this case, SWCMG contends the Magistrate Judge permitted counsel's speculation to govern resolution of the statute of limitation issue. Doc. 93 at 3-4. To support its position, SWCMG acknowledges that Plaintiff, the non-movant, is indeed entitled to "the benefit of all reasonable inferences;" however, it maintains that counsel's conjecture is insufficient evidence here. Doc. 93 at 3-4. Even if the prior relation-back argument could apply

7

here, SWCMG argues that doctrine fails now because the most anyone could discern from the original pleading is a medical negligence claim, not a substantive due process claim as asserted against SWCMG in the SAC.  Doc. 93 at 5.

SWCMG's position regarding Plaintiff's failure to raise application of the relation-back doctrine overlooks the Court's ability to consider that issue *sua sponte*.  *See Chan v. Barbour, Inc.*, 263 F. Supp. 3d 521, 524 n.22 (E.D. Pa. 2017) ("In the interests of justice, the Court considers the relation back doctrine *sua sponte*.") (citation omitted); *United States v. The Baylor Univ. Med. Ctr.*, 469 F.3d 263, 270 (2ᵈ Cir. 2006) ("Of course, we have discretion to consider this [relation-back] question *sua sponte*.").  SWCMG also overlooks the Court's ability to take judicial notice of its prior rulings in this case that have a direct bearing on the disposition here.  *See United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.") (internal citations omitted); *see also U.S. v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising the court's discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted); *Hancock v. Ocwen Loan Servicing, LLC*, No. CIV-14-1380-D, 2016 WL 4411430, at *3 (W.D. Okla. Aug. 18, 2016) ("Where necessary, the Court has used the above-described records and case file to supplement the summary judgment record of undisputed facts.").

Judge Robbenhaar had already considered and resolved whether the relation-back doctrine would apply to an amended pleading in this case, albeit as related to a different defendant.  Notwithstanding, the instructive issue concerned Plaintiff's diligence in seeking discovery that would permit him to determine which entities were legally responsible for

8

dispensing, or failing to dispense, his medical and dental services and care.  Defendants' delay in disclosing 1500 documents in its possession was instructive with respect to the application of the relation-back doctrine in the instant motion for partial summary judgment and Defendant Otero County's statute of limitation argument that Judge Robbenhaar resolved in his prior PFRD.  Doc. 72 at 7.

The Magistrate Judge reiterated the Court's order for Defendants to disclose discovery that Plaintiff sought in two unsuccessful public record requests.  *Id*. at 15. Once defendants produced discovery, the Court permitted Plaintiff to file the SAC.  Doc. 37 at 2.  Plaintiff then did so on January 14, 2021.  Doc. 40.  Judge Robbenhaar, therefore, rightly concluded that Mr. Hicks' inadequate knowledge about the proper party's identity constituted a mistake that permitted application of Rule 15(c)'s relation-back doctrine because:

> the SAC involves the same transaction and occurrence as the original complaint, *i.e*., Plaintiff's medical treatment (or lack thereof) during his solitary confinement. Further, although it's unclear whether SWCMG had actual notice of the pending action prior to the SAC, the Court finds it knew or should have known that, but for Plaintiff mistaking who or what entity was responsible for his medical care while detained, he would have brought the original complaint against SWCMG as the entity responsible for providing medical care at OCDC, and no prejudice is alleged or presented.

Doc. 91 at 18-19.  The magistrate judge recommended this Court deny SWCMG's statute of limitations argument and its motion for partial summary.  *See generally Samuels v. Dalsheim*, No. 81 CIV. 7050 (PKL), 1995 WL 1081308, at *17 (S.D.N.Y. Aug. 22, 1995), *report and recommendation adopted*, No. 81 CIV. 7050 (PKL), 1995 WL 555682 (S.D.N.Y. Sept. 19, 1995) ("Rule 15(c)(3) . . . require[s] relation back . . . where a *pro se* plaintiff's omission of certain individuals from the original complaint can be attributed to the likelihood of his or her "unfamiliarity with the causes of action available to him.") (citation omitted); *Campbell v. Coughlin*, No. 88 CIV. 0697, 1994 WL 114831 at *3 (S.D.N.Y. Mar. 31, 1994) (Rule 15(c)

9

allows amendment which adds defendants previously unknown to plaintiff); *Velez v. Koehler,* No. 87 Civ. 2019(KMW), 1991 WL 130913 at *3 (S.D.N.Y. July 8, 1991) ("A prisoner, without the resources to investigate the identity of his alleged attackers, cannot be expected to perform the investigation expected of plaintiffs in other situations.") (citation omitted).

     First, the amended claim is based on the same facts and circumstances alleged in the original complaint, which Plaintiff's retained counsel clarified when filing the FAC (at which time Plaintiff was still awaiting a response to his public record's request). Plaintiff's handwritten complaint first labeled the medical services claim against OCDC and OCPF as "medical malpractice." Doc. 1 at 6. He asserted the same factual detail in support of the substantive due process claim that his lawyers then articulated in the FAC. Doc. 22 ¶¶ 29-38. He also identified his intent to proceed against "the person entrusted by the Board to provide access to medical services to Plaintiff during his detention," Next, after Plaintiff received his requested records and documentation from the County, he identified SWCMG in the SAC as the party that provided those medical services. Doc. 40 ¶¶ 6, 15, 61-72. As Judge Robbenhaar explained, courts are to exercise their discretion liberally when considering application of the relation-back doctrine, especially when a complaint alleges a violation of civil rights, as it does here. *See* Doc. 91 at 14.[4]

     Given the undisputed role SWCMG played in dispensing medical services at OCDC at all times relevant to this dispute, and construing the pleadings in the light most favorable to the non-moving party and to the *pro se* Plaintiff, it is clear at this stage of the proceedings that SWCMG should have known that it was involved and arguably responsible for any unlawful behavior

---

[4] *But see Lymon v. Aramark Corp.*, 499 F. App'x 771 (10th Cir. 2012). The Tenth Circuit did not permit a relation back to occur in *Lymon* because nothing in the original complaint identified an issue with the inmate's medical treatment; that case is distinguishable because here, Plaintiff's lack of adequate medical and dental treatment during solitary confinement was the crux of his original and FAC.

toward Mr. Hicks with respect to his medical care allegations. *Cf. M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 899–900 (N.D. Cal. 2013) (applying California's relation back doctrine where plaintiffs added defendant two years after inmate's death when realizing through discovery that the prison officials at the jail who failed to provide adequate medical care were employed by Corizon Health and not Alameda County) (citation omitted).

SWCMG should have understood that it escaped liability initially only because Plaintiff had not received the discovery necessary to resolve what entity was responsible for his medical services at OCDC. *See Estate of Roemer,* Civ. Action No. 14-cv-01655-PAB-NYW, 2017 WL 1190558, at *7 (Mar. 31, 2017) (shifting the focus of the relation-back doctrine to whether the defendant should have known that a plaintiff made a mistake) (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010)) ("But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity."). Nor is SWCMG prejudiced in defending on the merits now as the case is in its nascent stage.

The Court finds that Judge Robbenhaar appropriately considered and explained a reasoned basis for applying the relation-back doctrine here, namely that, despite SWCMG's protestation, the current claim against it arises out of the conduct that Plaintiff set out, or attempted to set out, in his prior complaints. *See generally FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994) ("[T]he best touchstone for determining when an amended pleading relates back to the original pleading is the language of Rule 15(c): whether the claim asserted in the amended pleading arises 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'"). From the onset of his original complaint, Plaintiff has consistently challenged the medical and dental care he received, or failed to receive, during his time in solitary confinement, asserting all along a constitutional violation in connection with

11

those allegations. Plaintiff now identifies SWCMG as the entity charged with dispensing medical services at times relevant to his claims; while that information was newly disclosed to the Plaintiff, SWCMG has always known that it was providing such services to inmates at OCDC. It cannot assert a time bar now because it took Defendants several years to produce the discovery needed for Plaintiff to identify the entities responsible for medical services and care at OCDC. That approach assures that Defendants cannot resist discovery requests until the statute of limitations has ended. *See id*. at 14-15; *see also Byrd*, 964 F. Supp. at 146 (To hold that Rule 15(c) does not permit relation back in such circumstances would permit defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended.").

  2. Evidence and Allegations Concerning Defendant MTC Does Not Restrict Application of the Relation-Back Doctrine

SWCMG next challenges the magistrate judge's inference that SWCMG knew or should have known that it was the entity that provided medical services as challenged in the SAC because Plaintiff knew the identity of a different entity, Defendant MTC, but did not name that organization as a defendant for two years and four months after filing his original complaint. Doc. 93 at 5. Defendant MTC is a Utah corporation that operates and staffs OCPF and MTC Medical Units. Doc. 40 ¶ 5. However, examining Plaintiff's claims against a different defendant who managed medical units at a different facility is not relevant here. What is relevant is that Judge Robbenhaar considered Plaintiff's allegations, and the existence of factual disputes, concerning which entity and individuals were responsible for the medical services that form the basis of civil rights violations that Plaintiff asserts in his SAC. He determined, and this Court agrees, that because SWCMG contracted to provide medical services at OCDC, and Plaintiff's original complaint clearly challenges those services, SWCMG should have know that once

defendants produced discovery to Plaintiff, he would identify the parties responsible for his care or alleged lack thereof. SWCMG incorrectly concludes that Judge Robbenhaar based notice to SWCMG on wrongdoing by other actors at other facilities (Doc. 93 at 5 n.3). Instead, Judge Robbenhaar found that SWCMG was on notice of Plaintiff's claims because it was the agency contracted to provide the challenged medical services. Doc. 91 at 18 (citing *George v. Beaver Cnty.*, No. 2:16-CV-1076 TS, 2019 WL 181354, at *7 (D. Utah Jan. 11, 2019) (allowing relation back of amended complaint where it was clear that plaintiff "sought to assert a claim against the individual responsible for the operation of the jail at the time of [the inmate's] death. More specifically, the FAC brought claims against the individual or individuals responsible for the decisions that Plaintiff contends ultimately led to [the inmate's] death, including the decisions of how to classify him, monitor him, and treat him."); *Cf. Monical v. Marion Cnty.*, No. 6:18-CV-103-YY, 2021 WL 228891, at *5 (D. Or. Jan. 22, 2021) (tolling statute of limitations due to extraordinary circumstances beyond [inmate's] control where he did not know who ran the commissary, and jail did not inform him of that fact, nor did any of the original defendants). SWCMG's second objection also fails.

3. <u>A Party's Failure to Respond to a Motion for Summary Judgment Does Not Relieve the Court of Its Duty to Make the Specific Determination Required by Rule 56</u>

Finally, SWCMG contends as a matter of law that because Plaintiff did not respond to the partial motion for summary judgment by addressing the statute of limitations argument in particular, including the assertion of relevant disputed facts, Plaintiff has conceded that summary judgment is warranted in Defendant's favor because he has not contest SWCMG's position. Doc. 93 at 6-7.

"Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR–Civ. 7.1(b). The

13

Court cannot, however, grant a motion to dismiss or a motion for summary judgment based solely on plaintiff's failure to respond and must consider the merits of the motion. *See Issa v. Comp USA,* 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."); *Reed v. Bennett,* 312 F.3d 1190, 1194–95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under rule 56).

When a party fails to respond to a motion for summary judgment, a district court can properly grant the motion only "if the motion demonstrates no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Reed,* 312 F.3d at 1196. Failure to respond does "not relieve the court of its duty to make the specific determination required by Fed. R. Civ. P. 56(c)." *Id.* Accordingly, although the local rules provide that a party's failure to respond to a motion for summary judgment is deemed consent to the Court granting the motion, the Court will nonetheless rule on motions for summary judgment on the merits, and generally does not grant dispositive motions on procedural defaults alone. *See* D.N.M.LR–Civ 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); *Est. of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 633–34 (D.N.M. 2013). The Court in its discretion has considered whether Plaintiff's claims are time-barred, or whether the relation-back doctrine applies to permit Plaintiff's claims against SWCMG to go forward, and it agrees with reasons in the PFRD that Plaintiff's claims may proceed as alleged in the SAC. That is not to suggest the claims are merited; rather, Plaintiff may proceed on the SAC as to Defendant SWCMG.

**Conclusion**

In sum, following its *de novo* review and having addressed SWCMG's objections, the Court finds no fault with the Magistrate Judge's PFRD.

**IT IS THEREFORE ORDERED** that Defendant's objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 91) are **ADOPTED**;

**IT IS FURTHER ORDERED** that

1. MTC Defendants' Motion to Dismiss (Doc. 52) filed March 15, 2021 is **DENIED**.

2. Defendant Sifuentes' Motion to Dismiss (Doc. 64) filed on April 19, 2021 is **DENIED**.

3. Southwest Correctional Medical Group, Inc. Motion for Partial Summary Judgment (Doc. 70) based on the statute of limitations filed on June 7, 2021 is **DENIED**.

4. The MTC Defendants' Motion to Strike Document 76 (Doc. 77, filed August 17, 2021) is **GRANTED**, and Document 76 stricken.

5. The MTC Defendants' Motion to Strike Document 84 (Doc. 86, filed October 20, 2021) is **DENIED**.  The court will not strike Document 84.

6. Plaintiff's Motion to Proceed *Pro Se* (Doc. 82) is **DENIED** as moot.

7. Plaintiff's Motion to Depose Former Inmate (*i.e.*, "Further Testimony to (""MTC Defendants") No. 52") (Doc. 85, filed October 12, 2021) is **GRANTED IN PART**.  The MTC Defendants shall file a Status Report within 30 days regarding Mr. Nelson's current location of incarceration, *i.e.*, his contact information, as well as regarding his willingness and

ability to testify via affidavit or otherwise, to the extent Defendants have possession or control of such information.

_____
**DAVID HERRERA URIAS**
**United States District Judge**