IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HASAN HICKS,**

    **Plaintiff,**

    vs.                                                      Civ. No. 18-850  DHU/JFR

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO, et al.,**

    **Defendants.**

## ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel ("Motion"), filed January 28, 2022.  Doc. 92.  A response in opposition was filed on February 2, 2022 by Defendants Training & Management Corporation, Captain R. Ochoa, Lieutenant M. Soto, Sergeant V. Moya, and Sergeant M. Camacho.  Doc. 94.  Plaintiff has not filed a reply to this response, and the Motion is ripe for decision.  *See* D.N.M.LR-Civ. 7.1(b), 7.4(a).  Having reviewed the pleadings and being otherwise sufficiently apprised, the Court finds that the Motion is not well taken.  It is therefore **DENIED** for the reasons that follow.

### RELEVANT BACKGROUND

Plaintiff, then incarcerated in Otero County, New Mexico and proceeding *pro se*, filed a complaint and motion to proceed *in forma pauperis* on September 10, 2018.  Docs. 1, 2.  His motion was granted on February 13, 2019, by order requiring him to "file monthly certificates and make monthly payments of twenty percent (20%) of the preceding month's income credited to his account until the [filing] fee is paid or show cause why the payment should be excused."  Doc. 10 at 2.  On June 6, 2019, Plaintiff notified the Court by letter that he "has no ability to pay 20%" because he "has no income," and he included attachments purporting to support these

statements. Doc. 15. Plaintiff did, however, subsequently make payments toward the filing fee. Docs. 17, 18.

On November 4, 2019, Attorneys James C. Ellis and Daniel P. Estes entered their appearance on Plaintiff's behalf. Doc. 20. On February 28, 2020, through Mr. Ellis, the Court received the filing fee applicable to Plaintiff's complaint. 02/28/2020 Docket Entry. Plaintiff, through counsel, filed a Second Amended Complaint against Defendants alleging violations of due process and substantive due process, municipal and corporate liability, and false imprisonment on April 24, 2020. Doc. 40 at 8-12. His claims stem from the time he was incarcerated in Otero County, New Mexico. Doc. 40 at 1, 4-12. Plaintiff brought his claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988. Doc. 40 at 1. Shortly thereafter, Plaintiff informed his counsel that he wished to proceed with different representation. Doc. 61 at 1. As a result, the Court granted Plaintiff's counsel's Motion to Withdraw. Docs. 61, 63.

Since that time, Plaintiff filed a Motion for Counsel, requesting "time to seek counsel." Doc. 69 at 2. That motion was granted insofar as Plaintiff was "seeking addition time to retain new counsel." Doc. 78 at 8. Plaintiff was afforded thirty days to retain new counsel, and he did not do so. Docs. 78 at 8, 91 at 3. Plaintiff, therefore, has continued to proceed *pro se*, but requests the appointment of counsel at this juncture, as he claims he has found an attorney from New York City who will represent him if the Court orders such representation. Doc. 92 at 1-2. He requests only the appointment of this one, specific attorney. Doc. 92 at 1, 3.

## ANALYSIS

There is no right to counsel in civil litigation. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel, pursuant to 28 U.S.C. § 1915(e)(1), if the litigant is proceeding

*in forma pauperis*: "The court may request an attorney to represent any person unable to afford counsel." *See also Johnson*, 466 F.3d at 1217 ("A court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*."). In making a decision to request the assistance of counsel for a litigant in a civil case, the Court must consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks and citation omitted). Plaintiff bears the burden of demonstrating that these requirements are met. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Plaintiff's Motion offers no discussion related to these requirements, except to say that his case is a "[r]are [c]ase." Doc. 92 at 3 (internal quotation marks omitted). Nevertheless, even assuming that Plaintiff met the requirements[1] necessary for the request for voluntary assistance of counsel in a civil case, the Court remains without a basis to provide Plaintiff the relief that he seeks. As noted above, Plaintiff's motion seeks the appointment of one, specific attorney from New York City with whom he claims to be in contact. Doc. 92 at 1, 3. The Court is not empowered to take such an action: "In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). But the most the court

---

[1] For the sake of completeness, the Court notes that Plaintiff's Motion presents a number of questions not addressed by either of the pleadings submitted, though they ultimately prove unnecessary for the resolution of the Motion. Specifically, the Court's ability to exercise discretion to request the assistance of voluntary counsel pursuant to § 1915(e)(1) hinges on Plaintiff's *in forma pauperis* status. *See Johnson*, 466 F.3d at 1217. While, initially, Plaintiff's application to proceed under such status was granted, Doc. 10 at 2, Plaintiff's entire filing fee was satisfied after he retained counsel. 02/28/2020 Docket Entry. Moreover, one of the Court's important considerations in evaluating a motion asking the Court to request the voluntary assistance of counsel in civil litigation is "the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Plaintiff has not been incarcerated since April 2019, further casting doubt on his ability to satisfy the *Rucks* factors outlined above. Doc. 40 at 7. Nevertheless, because neither pleading touches on these potential issues, the Court offers no analysis on them, and rests its ruling solely on its inability to grant Plaintiff's requested relief for another reason. *See Brownell v. Montoya*, 11-CV-979, 2013 WL 12334217, at *22 (D.N.M. Mar. 28, 2013) (declining to decide an argument not raised by a party in its pleading).

3

can do is *request voluntary assistance from the pro bono committee*." *United States v. Hopkins*, 11-CV-416, 2013 WL 12333490, at *2 (D.N.M. Jan. 4, 2013) (emphasis added); *see also Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (noting that "[c]ourts *are not authorized* to appoint counsel in § 1983 cases" but that they may "request" assistance from *pro bono* counsel (emphasis added) (internal quotation marks and citation omitted)).  The Court, therefore, cannot grant Plaintiff's Motion to appoint the attorney he seeks, as it is without a legal basis to do so.

## CONCLUSION

Because Plaintiff's Motion fails to set forth a request for relief that the Court is able to grant, it is **DENIED**.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge