IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HASAN HICKS,**

    **Plaintiff,**

    **vs.**                                                    Civ. No. 18-850  DHU/JFR

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF OTERO, et al.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 105. On March 9, 2022, Plaintiff Carlos Hasan Hicks filed a *Motion for Summary Judgment* ("Motion"), seeking an entry of judgment in his favor against all Defendants. Doc. 96. Defendants Management & Training Corporation ("MTC"), Captain R. Ochoa, Lieutenant M. Soto, Sergeant V. Moya, and Sergeant M. Camacho filed a Response in Opposition on March 22, 2022. Doc. 97. Defendant Southwest Correctional Medical Group ("SWCMG") filed a Response in Opposition on March 23, 2022, as did Defendants Board of County of Commissioners of the County of Otero ("Otero County") and Lieutenant J. Sifuentes. Docs. 98, 99. On June 6, 2022, this Court entered an Order to Show Cause, directing Plaintiff to either reply to the responses to his Motion or file notice that briefing is complete on the Motion

---

[1] By Order of Reference filed August 5, 2022, the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 105.

as contemplated under D.N.M.LR-Civ. 7.4, or file a written explanation demonstrating good cause why he has not done either, by July 6, 2022. Doc. 103 at 2. Plaintiff has not complied with this directive. Therefore, Pursuant to D.N.M.LR-Civ. 7.1(b), Plaintiff has consented that briefing on his Motion is complete, and the Court considers it ripe for decision.

Broadly, Plaintiff's Motion asserts that his case is a "rare case," such that Defendants have no defense explaining the allegations Plaintiff makes against them or "reason" why Plaintiff's claims should be tried. Doc. 96 at 1, 3-4. Defendants argue that summary judgment should not be granted at this stage of litigation and is otherwise improper. Docs. 97 at 2-5; 98 at 3-5; 99 at 1-3. For the reasons that follow, the Court concludes that Plaintiff is not legally entitled to summary judgment at this stage in the proceedings, and recommends that the presiding judge **DENY** his Motion without prejudice.

## BACKGROUND

Plaintiff, then incarcerated in Otero County, New Mexico and proceeding pro se, filed a complaint and motion to proceed *in forma pauperis* on September 10, 2018. Doc. 1. On November 4, 2019, Attorneys James C. Ellis and Daniel P. Estes entered their appearance on Plaintiff's behalf. Doc. 20. Plaintiff, through counsel, filed a Second Amended Complaint against Defendants on April 24, 2020. Doc. 40. His claims stem from the time he was incarcerated in Otero County, New Mexico. Doc. 40 at 1, 4-12. Specifically, Plaintiff claims in Count 1 that he was deprived of procedural due process by Defendants Otero County, MTC, Sifuentes, Soto, Camacho, Moya, Ochoa, and John Doe 1; in Count 2 that he was deprived of substantive due process by all Defendants; in Count 3 that Defendants Otero County and MTC are responsible for his alleged harms under municipal and corporate liability; and in Count 4 that he was falsely imprisoned under the New Mexico Tort Claims Act ("NMTCA") by Defendants

Otero County, MTC, Sifuentes, Soto, Camacho, Moya, Ochoa, and John Doe 1.  Doc. 40 at 8-12. Shortly after the filing of his Second Amended Complaint, Plaintiff informed his counsel that he wished to proceed with different representation.  Doc. 61 at 1.  As a result, the Court granted Plaintiff's counsel's *Motion to Withdraw*.  Docs. 61, 63.  Plaintiff has continued to litigate his case pro se, and this Court has denied his request to appoint new counsel.  Docs. 92, 104.  On March 9, 2022, he filed the instant Motion.  Doc. 96.

## ANALYSIS

**A.     Law Governing Pro Se Litigants**

Pleadings from pro se litigants are construed liberally, but pro se litigants are obligated to comply with the rules of civil procedure. *Ogden v. San Juan Cty*., 32 F.3d 452, 455 (10th Cir. 1994). Indeed, a pro se litigant's pleadings are held "to a less stringent standard than applied to formal pleadings drafted by lawyers." *Garcia v. Cole*, 428 F.Supp.3d 644, 649 (D.N.M. 2019) (alternation, internal quotation marks, and citation omitted). "[I]f the [C]ourt can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot "assume the role of advocate for the pro se litigant." *Id.*

**B.     Summary Judgment Standard**

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  "The movant bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  Once the movant meets this burden, Rule

3

56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial." *Whitehead v. Mgmt. & Training Corp.*, 524 F. Supp. 3d 1155, 1166 (D.N.M. 2021) (internal quotation marks and citations omitted). "A dispute if genuine if there's enough evidence on each side that a rational trier of fact could resolve the issue either way." *Rose ex rel. Rose v. Brown*, 14 F.4th 1129, 1138 (10th Cir. 2021). A showing that "no genuine issue as to any material fact" exists is made through "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotation marks and citation omitted). In other words, the entry of summary judgment generally occurs "after adequate time for discovery." *Wicks v. United States*, 304 F. Supp. 3d 1079, 1089 (N.D. Okla. 2018).

In the resolution of a summary judgment motion, the Court construes the evidence before it "in the light most favorable to the non-moving party." *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016) (internal quotation marks and citation omitted). But the Court will not weigh evidence or decide issues of credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). "For purposes of summary judgment, a prisoner's pleadings are treated as evidence if they allege specific facts based on the prisoner's personal knowledge and have been subscribed under penalty of perjury." *Whitehead*, 524 F. Supp. 3d at 1167 (D.N.M. 2021) (citations omitted).

**C.     Plaintiff is Not Entitled to Summary Judgment at This Juncture**

    *1.     Plaintiff's Allegations in the Second Amended Complaint*

        a.     <u>Count 1 – Violation of Procedural Due Process</u>

In Count 1 of his Second Amended Complaint, Plaintiff alleges that Defendants Otero County, MTC, Sifuentes, Soto, Camacho, Moya, Ochoa, and John Doe 1 violated his right to procedural due process as guaranteed by the Fourteenth Amendment to the United States

Constitution. Doc. 40 at 8-9. Specifically, Plaintiff claims this violation occurred by placing him in solitary confinement for long periods of time without the opportunity to be heard prior to the placement. *Id.* Plaintiff further alleges he was deprived of the opportunity to be heard regarding the conditions of his confinement. *Id.*

        b.        <u>Count 2 – Violation of Substantive Due Process</u>

In Count 2 of his Second Amended Complaint, brought against all Defendants, Plaintiff alleges that his right to substantive due process, guaranteed under the Fourteenth Amendment to the United States Constitution, and Article II, Section 4 of the New Mexico Constitution, was violated because of his conditions of confinement. Doc. 40 at 9-10. Specifically, Plaintiff claims he did not receive adequate treatment for a dental condition and mental health conditions. *Id.* at 9. Plaintiff further alleges that, while in solitary confinement, he was prevented from maintaining personal hygiene and general health and participating in adequate recreation time. *Id.* at 10. According to Plaintiff, Defendants were aware of his conditions of confinement, did not take reasonable steps to prevent the harm he suffered, and knew or should have known that Plaintiff faced risks because of their acts and omissions. *Id.* at 9-10.

        c.        <u>Count 3 – Municipal and Corporate Liability</u>

In Count 3 of his Second Amended Complaint, Plaintiff advances a theory of Municipal and Corporate Liability against Defendants Otero County and MTC. *Id.* at 11. Plaintiff grounds this theory on the allegation that these two Defendants crafted the policies governing his confinement that led to his alleged harms. *Id.* He alleges that these Defendants knew or should have know that their policies were dangerous and that they were enacted with "a deliberate disregard from the rights of pre-trial detainees." *Id.*

    d.  Count 4 – False Imprisonment Under the NMTCA

  Finally, in Count 4 of his Second Amended Complaint, Plaintiff alleges that Defendants Otero County, MTC, Sifuentes, Soto, Camacho, Moya, Ochoa, and John Doe 1, falsely imprisoned him, and that pursuant to the NMTCA, N.M. Stat. Ann. § §41-4-1 to -30 (1953), their actions are not "justified or privileged." Doc. 40 at 11-12. Plaintiff claims that this false imprisonment caused him physical and emotional harm, and that the acts and omissions at issue were done intentionally, wantonly, willfully, and with gross disregard for his rights. *Id.* at 12. Under this claim, he further alleges that, pursuant to the doctrine of respondeat superior, Defendants Otero County and MTC are liable for the conduct of their employees. *Id.*

  1. *Plaintiff's Arguments in the Motion*

  In his Motion, Plaintiff reiterates some of the allegations made in his Second Amended Complaint. Namely, Plaintiff asserts that he did not receive adequate medical or dental treatment while in custody. *Compare* Doc. 40 at 9-10, *with* Doc. 96 at 2. He further argues that he "begged for help" from Defendants, which Defendants did not give him. *Compare* Doc. 40 at 10, *with* Doc. 96 at 3. Plaintiff also states that Defendants did not allow him time to grieve the death of a loved one. Doc. 96 at 2. Overall, Plaintiff rests his Motion on his beliefs that Defendants have no defense in this case and have not provided a "reason why they should be afforded a trial." *Id.* at 1, 4.

  2. *Defendants' Arguments in Opposition to Summary Judgment for Plaintiff*

  As noted above, Defendants MTC, Ochoa, Soto, Moya, and Camacho filed a Response in Opposition to Plaintiff's Motion (Doc. 97), as did Defendant SWCMG (Doc. 98), and Defendants Otero County and Sifuentes (Doc. 99). Defendants Otero County and Sifuentes join the arguments made by Defendants MTC, Ochoa, Soto, Moya, and Camacho in their Response in

Opposition (Doc. 97) in every particular.[2] *See* Doc. 99 at 1 ("Joinder"). So, for purposes of analysis, the Court treats the arguments from these Defendants as the same. *Compare* Doc. 99 at 1, *with* Doc. 97 at 2-5.

In opposing Plaintiff's Motion, Defendants MTC, Ochoa, Soto, Moya, Camacho, Otero County and Sifuentes argue that (1) summary judgment is improper at this stage of litigation; (2) the Motion does not comply with the requirements of the federal and local rules of civil procedure; and (3) genuine issues of material fact exist such that summary judgment is precluded. Docs. 97, 99. Defendant SWCMP argues that because Plaintiff's Motion "is not grounded in fact" he has not borne his initial burden of making a prima facie case for summary judgment. Doc. 98 at 3. It further argues that the Court should consider ordering Plaintiff to show cause under Fed. R. Civ. P. 11(c)(3) because Plaintiff's statement in his Motion that he did not receive medical or dental treatment in inaccurate. Doc. 98 at 4-5.

3. *Summary Judgment is Premature*

For the reasons that follow, the Court agrees with Defendants that summary judgment, at this phase of litigation, is improper. Because the Court recommends resolution of Plaintiff's Motion on this ground, it does not reach the remaining arguments in opposition to the Motion advanced by Defendants. *See Wagner v. Lacy*, Nos. 12-CV-817, 12-CV-547, 2013 WL 12328852, at *3 (D.N.M. Nov. 18, 2013) (noting that the Court need not reach questions unnecessary for the resolution of a motion).

---

[2] The Court notes that Defendants Otero County and Sifuentes state that they join the arguments made by Defendants MTC, Ochoa, Soto, Moya, and Camacho "to the extent" these arguments are that Plaintiff's Motion is premature and fails to comply with the federal and local rules of civil procedure, and that nevertheless, material facts exist that preclude summary judgment. Doc. 99 at 1. These arguments, however, form the whole of Defendants MTC, Ochoa, Soto, Moya, and Camacho's pleading. *See* Doc. 97. For this reason, the Court proceeds with the understanding that Defendants Otero County and Sifuentes join this pleading in its entirety.

As noted above, it is generally inadvisable to grant summary judgment before the parties have engaged in meaningful discovery. *See Wicks*, 304 F. Supp. 3d at 1089. That has not happened in this case, and Plaintiff does not contend otherwise. In fact, Plaintiff's Motion largely echoes some of what is alleged in his Second Amended Complaint: that many of the issues in this case surround the medical and dental care he received, or contends he should have received, while confined. *Compare* Doc. 40 at 9-10, *with* Doc. 96 at 2. And, while the Court appreciates Plaintiff's attempt to compare his case to others in which the Supreme Court of the United States and Federal Circuit Courts of Appeal have ruled on inmates' conditions of confinement, Doc. 96 at 1-4, simply directing the Court to these cases does not change the procedural posture of this case, which wants for further development.

Moreover, the Court takes care to note that, contrary to Plaintiff's assertion that Defendants have not provided a "reason why they should be afforded a trial," Doc. 96 at 4, the question properly resolved in summary judgment proceedings is whether there are genuine factual disputes to try. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Because the parties have yet to engage in discovery that guides the answer to this question, in the Court's view, an informed ruling on Plaintiff's Motion cannot be had at this time, and "summary judgment is premature." *Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, No. 20-CV-89, 2022 WL 280779, at *2 (D. Utah Jan. 31, 2022) (denying a motion for summary judgment filed while discovery was still ongoing without prejudice, because deciding the motion before the close of the discovery period "would effectively prevent the parties from developing the factual record, thereby undermining the Court's ability to accurately determine whether there is 'no genuine issue of material fact' on the relevant issues" and noting that "[i]t is in the interests of justice for the court to defer its ruling on summary judgment until the relevant facts

have been developed through the discovery process and the parties have had the opportunity to incorporate these facts into their briefing").

## CONCLUSION

For the foregoing reasons, the Court recommends that the presiding judge **DENY** Plaintiff's Motion without prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge