IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HASAN HICKS,**

    **Plaintiff,**

vs.                                                                                         Civ. No. 18-850 DHU/JFR

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF OTERO et al.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 105. On March 16, 2023, Plaintiff, proceeding pro se, filed a *Motion to Amend Complaint to Insert Defendants (SWCMG) and Add Responsible Parties* ("Motion"). Doc. 124. Defendant Southwest Correctional Medical Group ("SWCMG") filed a response in opposition on March 29, 2023. Doc. 128. Plaintiff has not filed a reply pleading, and the time for doing so has expired. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed with fourteen (14) calendar days after service of the response."). Pursuant to D.N.M.LR-Civ. 7.1(b), briefing is complete and the Motion is ripe for decision. For the reasons that follow, the Court recommends that the presiding judge **DENY** the Motion, as Plaintiff failed to comply with D.N.M.LR-Civ. 15.1; the delay in seeking amendment is undue; and amendment would prove futile.

---

[1] By Order of Reference filed August 5, 2022, the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 105.

## I. RELEVANT BACKGROUND

Plaintiff, then incarcerated in Otero County, New Mexico and proceeding *pro se*, filed a complaint in this Court on September 18, 2018.  Doc. 1.  On November 4, 2019, Attorneys James C. Ellis and Daniel P. Estes entered their appearance on Plaintiff's behalf.  Doc. 20.  Plaintiff, through counsel, filed a Second Amended Complaint against Defendants alleging violations of due process and substantive due process, municipal and corporate liability, and false imprisonment on April 24, 2020.  Doc. 40 at 8-12.  His claims stem from the time he was incarcerated in Otero County, New Mexico.  Doc. 40 at 1, 4-12.  Plaintiff brought his claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988.  Doc. 40 at 1.  Shortly thereafter, Plaintiff informed his counsel that he wished to proceed with different representation.  Doc. 61 at 1.  As a result, the Court granted Plaintiff's counsel's Motion to Withdraw.  Docs. 61, 63.

Plaintiff has continued to proceed pro se.  He brings the instant Motion, seeking to amend his Complaint by "add[ing]" names "or replac[ing] (SWCMG) as Defendants."  Doc. 124 at 2.  He claims that his damages were "caused by the deprivation of his civil and constitutional rights and other tortious injuries under the Federal Civil Rights Act and the New Mexico Tort Claims Act."  *Id.*  Some of the factual basis in Plaintiff's Second Amended Complaint come from allegedly inadequate dental care while incarcerated.  Doc. 40 at 7.  He now reiterates his claim that he "requested to see a dentist for a cracked tooth" caused by a fight with two other inmates.  Doc. 124 at 3.  He does not elaborate on these allegations in his Motion, however, simply stating: "I know I have to finish this in detail, but I can't."  *Id.*  Instead, he alleges that "these Defendants didn't treat [him] because [he] stood on [his] rights" and that he "assumed they wanted to teach [him] a lesson and tried to kill [him]."  *Id.* at 4.  Essentially, he claims retribution on the part of Defendants due to his allegedly "illegal[]" extradition from New York City to Alamogordo, New

Mexico, after which he was transferred from the Otero County Detention Center to the Otero County Prison Facility. *Id.* at 3. He further claims that he complained to officials that it was "illegal and unconstitutional" to transfer him to the latter facility "without being sentenced."

## II. ANALYSIS

"A motion to add a party is governed by Fed. R. Civ. P. 15(a), which sets out the methods for amending pleadings." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Because Plaintiff has already amended his complaint once, *see* Doc. 40, he may amend it again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The opportunity for leave to amend is a matter within the Court's discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), though the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(b). However, a variety of reasons justify denial of leave, including undue delay and futility of amendment. *Foman*, 371 U.S. at 182.

The Court begins its discussion by briefly discussing Plaintiff's responsibilities as a pro se litigant, as relevant here, because failure to adhere to these responsibilities constitutes a separate basis for denial of his Motion.

### A. Responsibilities of Pro Se Litigants

The Court must remain cognizant that Plaintiff is proceeding pro se and thus view his pleadings with a tolerant eye, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), though he is expected to comply with the Federal Rules of Civil Procedure and nonburdensome local rules. *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980); *see also Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that although a pro se litigant's pleadings are subject to liberal construction, they "nevertheless must follow the same rules of procedure that govern other litigants"). One of these nonburdensome local rules is D.N.M.LR-Civ. 15.1, which

requires that "a proposed amendment to a pleading must accompany the motion to amend." Plaintiff has not complied with this rule. The Court notes that this shortcoming is particularly poignant because Plaintiff has litigated this case for nearly five years, with and without the assistance of counsel. This is ample time with which to familiarize oneself with this district's local rules and attempt to comply.

Plaintiff's failure to comply with D.N.M.LR-Civ. 15.1 is an independent basis on which to deny his Motion. *See Gabaldon v. Bernalillo Cnty. Sheriff's Off.*, No. 17-CV-267, 2019 WL 1307874, at *5 (D.N.M. Mar. 22, 2019) (concluding, with respect to a pro se litigation's motion to amend, that failure to comply with D.N.M.LR-Civ. 15.1 is an independent basis to deny the motion: "Consequently, in addition to denying the motion on futility grounds, the Court also finds that Plaintiff's motion must be denied for inexcusably failing to comply with this district's local rules."); *see also Brown v. City of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 804 (D.N.M. 2018) (denying pro se litigant's motion to amend complaint for failure to comply with D.N.M.LR-Civ. 15.1); *Mercer-Smith v. NM Child., Youth and Fams. Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011) (affirming denial of leave to amend on the basis that the plaintiffs failed to comply the District of New Mexico's local rules). However, because the Court views Plaintiff's delay in seeking amendment as undue and concludes that such amendment will prove futile, the Court continues its discussion to analyze these grounds as well.

**B.     Undue Delay**

A motion to amend may be denied on the basis of undue delay when the plaintiff knew or should have known of the facts in the proposed amendment but did not include them in an earlier version of the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Here, this seems to be the case, and Plaintiff offers no explanation to the contrary, which is

4

reason enough to deny his Motion. *See Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *see also Minter*, 451 F.3d at 1206 (explaining that, in the Tenth Circuit, the focus is "primarily on the reasons for the delay" and that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay" (internal quotation marks and citation omitted)). As noted above, the focus of Plaintiff's amendment seems to be on the portions of his Second Amended Complaint that allege inadequate dental care while in custody. His Motion does not add any new or expanded allegations, and certainly does not state anything of which he was not aware at the time his Second Amended Complaint was filed—the allegations at issue occurred between 2016 and 2019, and his Second Amended Complaint was filed in 2021. Doc. 40 at 7-8.

To the extent Plaintiff's Motion seeks to add new defendants, the delay is similarly unexplained. Plaintiff's Motion is devoid of any argument that the identities of the individuals or entity he seeks to add as defendants were previously unknown to him. Likewise, he does not offer a justification for substituting the individuals and entity he seeks to add as defendants for SWCMG, stating only that he wishes them "added to" this case or "replace[d]" for SWCMG. *See generally* Fed. R. Civ. P. 25 (setting out the requirements for substitution of parties). Plaintiff's Second Amended Complaint alleges SWCMG is a Defendant responsible for his allegedly deficient dental care, and he has set forth no basis in his Motion to "replace" other parties in its stead.

The timing of Plaintiff's Motion is troublesome for other reasons. As already explained, Plaintiff offers no explanation for the delay, and the allegations Plaintiff rests his Motion on are the same as those in his Second Amended Complaint. As for the new individuals and entity

5

Plaintiff seeks to add as defendants,[2] in addition to the issues identified above, the Court views the Motion as one that will cause additional undue delay if granted. "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target . . . [or] to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206 (internal quotation marks and citation omitted). In simple terms, Plaintiff cannot seek amendment for the purposes of presenting new theories that he thinks will keep his case alive. At the time Plaintiff filed his Motion, SCMG had already filed a Motion to Dismiss for Failure to State a Claim which remains pending before the Court, and the Court had ordered Defendants to compile a *Martinez* Report to investigate Plaintiff's claims. Docs. 110, 111. Finally, granting Plaintiff's Motion and permitting the addition of new defendants, especially in the absence of any explanation from Plaintiff, would cause expenditure of additional resources, and strain this Court's ability to manage its docket. *See Chambers v. NASCO*, 501 U.S. 32, 49 (1991) (explaining the Court's inherent authority to manage its docket). In sum, Plaintiff has exercised undue delay in filing his Motion, and the Court does not believe further delaying this litigation to allow Plaintiff to further amend his complaint is appropriate.

For these reasons, the undersigned recommends that the presiding judge conclude that, based on undue delay, Plaintiff should not be given leave to file an amended complaint.

---

[2] The Court notes that another issue arises with Plaintiff's attempt to add additional defendants as argued by SWCMG in its response in opposition to Plaintiff's Motion. *See* Doc. 128 at 4-5, 9. The statute of limitations for § 1983 claims arising in New Mexico is three years. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.2d 1208, 1212 (10th Cir. 2014). And the statute of limitations for claims arising under the New Mexico Tort Claims Act is two years. *Gose v. Bd. of Cnty. Comm'rs*, 727 F. Supp. 2d 1256, 1259-60 (D.N.M. July 5, 2010). Fed. R. Civ. P. 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading" when certain conditions are met, including that "the law provides the appliable statute of limitations allows relation back." With respect to adding additional parties, the rule states that the parties added by amendment must have "received such notice of the action that it will not be prejudiced in defending the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ P. 15(c)(1)(c)(i)-(ii). Plaintiff has not demonstrated these things to be true. Nevertheless, given the Court's recommendation that Plaintiff's Motion be denied for other reasons, it does not address this further.

C.     **Futility of Amendment**

A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1451 (10th Cir. 1990). Causes of action are dismissed for failure to state a claim when they contain nothing more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration, internal quotation marks, and citations omitted). And while the Court liberally construes the pleadings of pro se litigations, this permissiveness "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (internal quotation marks and citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (internal quotation marks and citation omitted).

The proposed amendments in Plaintiff's Motion would result in dismissal for failure to state a claim. At the outset, the Court notes, as it did above, that Plaintiff's Motion does not add new or expanded allegations of inadequate dental care to those allegations contained in the Second Amended Complaint, so the Court's focus remains on Plaintiff's desire to add additional defendants or replace SWCMG with such defendants. Plaintiff does nothing to tie any allegations to the individuals and entity he seeks to add as additional defendants. While Plaintiff's general allegations are discernable—particularly when read alongside his Second Amended Complaint—he does not allege that the individuals and entity he seeks to add as defendants are responsible for his alleged harms. Rather, he merely lists names and addresses,

7

then proceeds into a narrative of the events giving rise to his claims, without specifying who caused his alleged harms, much less describing which of his proposed additional defendants caused them. To be sure, all Plaintiff states is "these Defendants is [sic] liable for any constitutional deprivations, and other negligence caused by its staff." Doc. 124 at 2.

Insofar as Plaintiff's Motion can be read to impute liability for deprivation of civil rights to the individuals and entity he wishes to add as defendants, it likewise falls short on the test for futility. From the statement above, it appears that the individuals Plaintiff desires to name as additional defendants are officers within an organization that provides care to inmates—though Plaintiff provides no such facts in his Motion. Regardless, there is no respondeat superior liability under 42 U.S.C. § 1983. *Ashcroft*, 566 U.S. at 676. For supervisory liability to attach under 42 U.SC. § 1983, Plaintiff "must show that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000) (alteration, internal quotation marks, and citation omitted). Moreover, "common to all § 1983 . . . claims is the requirement that liability be predicated on a violation traceable to a defendant-official's 'own individual actions.'" *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 676). Plaintiff has not accused the desired additional defendants of anything except for being "liable" for the actions of "staff." Doc. 124 at 2. Plaintiff also invokes the New Mexico Tort Claims Act. *Id.* Respondeat superior liability under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 to -27, requires demonstration of "(1) a negligent public employee who meets one of the waiver exceptions under Sections 41-4-5 to -12; and (2) an entity that has immediate supervisory responsibilities over the employee."

8

*Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1271 (D.N.M. 2010) (internal quotation marks and citation omitted).  Plaintiff demonstrates neither.

For these reasons, the undersigned recommends that the presiding judge conclude that the amendments Plaintiff seeks would prove futile.

### III. CONCLUSION AND RECOMMENDATION

The undersigned recommends that the presiding judge **DENY** Plaintiff's Motion because Plaintiff has failed to comply with D.N.M.LR-Civ. 15.1; the delay in seeking amendment is undue; and the amendments Plaintiff seeks would prove futile.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge