IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HASAN HICKS,**

      **Plaintiff,**

    v.                                                                     Civ. No. 18-850 DHU/JFR

**BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF OTERO et al.,**

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 105. On April 13, 2023, Defendants Management and Training Corporation, Captain R. Ochoa, Lt. M. Soto, Sgt. V. Moya, and Sgt. M. Camacho (collectively, "MTC Defendants") filed a *Motion to Dismiss* ("Motion"). Doc. 130. Plaintiff filed an untimely response to the Motion on July 18, 2023. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within (14) calendar days after service of the motion."). MTC Defendants have not yet filed a reply brief, but the undersigned finds one unnecessary. The undersigned recommends the District Judge **GRANT** the Motion insofar as MTC Defendants ask the Court to "disregard" Plaintiff's Pleading styled as an amended complaint. Doc. 130 at 1. The undersigned further recommends that the District Judge **FIND AS MOOT** the additional relief sought in MTC Defendants' Motion, i.e. dismissal on Fed. R. Civ. P. 12(b)(6) grounds.

---

[1] By Order of Reference filed August 5, 2022, the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 105.

At issue in the Motion is a pleading filed by Plaintiff, styled as a *Final Amended Complaint to Add Defendants* ("Pleading") (Doc. 129).  Doc. 130 at 1-2.  Plaintiff filed this Pleading in violation of Fed. R. Civ. P. 15(a)(2)—applicable here because Plaintiff can no longer amend as a matter of course—which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Plaintiff sought neither.  As a result, MTC Defendants filed the instant Motion, requesting the Court "disregard" the Pleading "or alternatively, if it is the operative complaint, that MTC Defendants be dismissed from this matter with prejudice."  Doc. 130 at 1-2.

Plaintiff's response to the Motion was filed over two and one-half months after it was due.  The Court is empowered to grant the Motion on this basis alone.  *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  However, remaining cognizant of Plaintiff's pro se status, the undersigned will not recommend summarily granting the Motion on this basis, but cautions Plaintiff that he should not anticipate such leniency in the future.  *See, e.g.*, *Economou v. Wells Fargo*, No. 03-CV-405, 2004 WL 733914, at *1 (D.N.M. Aug. 23, 2004).  Nevertheless, Plaintiff is largely unresponsive to MTC Defendants' arguments, instead reciting the legal standards governing Fed. R. Civ. P. 12(b)(6) and the statute of limitations applicable to his Section 1983 claims, and reiterating some of the contents of the Pleading at issue here, discussed more fully below.  Doc. 145 at 1-4.

Plaintiff's Pleading consists of two pages of text, and requests that the Court allow him to "re-visit" his original Complaint, which named the Alamogordo Public Defender's Office and the State of New Mexico District Attorney's Office as Defendants.  Doc. 1 at 1.  These Defendants are not named in Plaintiff's *Second Amended Complaint for Damages Caused by the*

*Deprivation of Civil Rights and Tortious Conduct* (Doc. 40), which the Court views as the Operative Complaint in this matter. In the Pleading, Plaintiff seeks to add the "State of New Mexico" and the "Alamogordo Public Defender[']s Office" as Defendants. Doc. 129 at 1. He states that "after rolling with the spirit, it has come time for someone to answer the question, 'Why such confinement'[?]" *Id.* He further states: "After receiving responses from the present [D]efendants, the Court has not received a proper response, and neither have I." *Id.* at 2. Plaintiff claims that the responses received from Defendants are "'void'" and that he believes the State of New Mexico should be held to answer the allegations made against the Defendants who are presently parties to this action because, in his view, the State of New Mexico was the "moving force behind [the] violations of [his] civil liberties" and thus "should be held to a higher standard" than the other Defendants. *Id.* Additionally, he claims that the Alamogordo Public Defender's Office "clearly . . . misrepresented" him. *Id.* Finally, Plaintiff attaches an article that discusses solitary confinement and a copy of an opinion in a civil rights case from the Tenth Circuit. *Id.* at 3-10. The Pleading does not contain any legal basis for bringing suit against the State of New Mexico or the Alamogordo Public Defender's Office, or what specific claims he wishes to bring.

Aside from failure to comply with Fed. R. Civ. P. 15(a)(2) and D.N.M.LR-Civ. 7.4(a), Plaintiff did not comply with D.N.M.LR-Civ. 15.1, which states that "a proposed amendment to a pleading must accompany the motion to amend." The Court is cognizant that the Operative Complaint was filed while Plaintiff was counseled in this litigation, and he is now proceeding pro se. While the court views pleadings from pro se litigants with a tolerant eye, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), pro se litigants are expected to comply with the Federal Rules of Civil Procedure and nonburdensome local rules. *Brandenburg v. Beaman*, 632

F.2d 120, 122 (10th Cir. 1980); *see also Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (stating that although a pro se litigant's pleadings are subject to liberal construction, they "nevertheless must follow the same rules of procedure that govern other litigants").  Plaintiff has litigated this case for nearly five years, with and without the assistance of counsel.  This is ample time with which to familiarize oneself with this district's local rules and attempt to comply.  In fact, the failure to comply with D.N.M.LR-Civ. 15.1 is an independent basis on which to deny a pro se litigant leave to amend a pleading—though, the Court emphasizes again, Plaintiff never sought leave to amend, and unilaterally filed his Pleading in the absence of consent of any Defendants or permission from the Court.  *See Mercer-Smith v. N.M. Child., Youth and Fams. Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011); *Brown v. City of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 804 (D.N.M. 2018); *Gabaldon v. Bernalillo Cnty. Sheriff's Off.*, No. 17-CV-267, 2019 1307874, at *5 (D.N.M. Mar. 22, 2019); *see also Barrett v. Orman*, 373 F. App'x 823, 826 (10th Cir. 2010).

An amended complaint supersedes prior complaints and renders them without legal effect.  *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013).  And while an amended complaint may adopt prior pleadings by reference pursuant to Fed. R. Civ. P. 10(c), an amended pleading which does not do so stands alone.  *See Hooten*, 525 F. App'x at 668.  In MTC Defendants' view, should the Court accept Plaintiff's Pleading as the true operative complaint in this matter, it should dismiss MTC Defendants from this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), because the Pleading "is factually and legally insufficient [and] fails to include any MTC Defendants as parties, let alone *any* factual allegations against MTC Defendants."  Doc. 130 at 3 (emphasis in original).

4

It is clear to the Court that Plaintiff does not intend this Pleading to supplant the Operative Complaint, though it is styled as an amended complaint. *See Bertolo v. Raemisch*, No. 17-CV-773, 2020 WL 132764, at *4 (D. Colo. Jan 13, 2020) (noting, with respect to pleadings filed by a pro se plaintiff, that "[t]he Court is not bound by a pleading's title, but may consider the substance" (citing *United Sates v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019)). Rather, from Plaintiff's meager statements in the Pleading, the Court understands Plaintiff to seek to add the State of New Mexico and the Alamogordo Public Defender's Office as Defendants in this case "to answer [the] same allegations as the rest of the Defendants." Doc. 129 at 2. This is unhelpful, of course, because not all of the Defendants named in the Operative Complaint are asked to answer the same allegations. *See generally* Doc. 40. And Plaintiff's Pleading offers nothing by way of specific allegations or factual bases. All of this highlights the importance of the rules of procedure and the reasons why compliance with their requirements is an essential piece of federal litigation. *See Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015) ("Because a district court's local rules have the force of law . . . all lawyers and litigants[ are] duty bound to comply with them." (internal quotation marks and citations omitted)); *see also United States v. Jarvis*, No. 05-CR-1849, 2008 WL 11451472, at *3 (D.N.M. June 3, 2003) ("Once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them." (alteration, internal quotation marks, and citation omitted)).

For these reasons, the undersigned recommends that MTC Defendants' Motion be **GRANTED**, insofar as MTC Defendants ask the Court to "disregard" Plaintiff's Pleading styled as an amended complaint (Doc. 129), because Plaintiff has failed to comply with Fed. R. Civ. P. 15(a)(2) and D.N.M.LR-Civ. 15.1. Doc. 130 at 1. The Operative Complaint (Doc. 40) should remain so. Given this recommendation, the undersigned recommends that the further relief

sought in MTD Defendants' Motion, i.e., dismissal on Fed. R. Civ. P. 12(b)(6) grounds, be

**FOUND AS MOOT.**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge