IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**CARLOS HASAN HICKS,**

    **Plaintiff,**

    v.                                               Civ. No. 18-850 DHU/JFR

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO et al.,**

    **Defendants.**


**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 105. On October 5, 2022, Defendant Southwest Correctional Medical Group, Inc. ("SWCMG") filed its first *Motion to Dismiss for Failure to State a Claim* ("Motion"). Doc. 110. Plaintiff responded on October 11, 2022, and SWCMG replied on October 12, 2022. Doc. 113. The Motion is ripe for decision. Doc. 114. For the reasons that follow, the undersigned recommends that the District Judge **GRANT** SWCMG's Motion and that Plaintiff be denied leave to amend his Complaint.[2] In light of this recommendation, the undersigned further recommends that Plaintiff's single claim against SWCMG be **DISMISSED WITH PREJUDICE.**

---

[1]    By Order of Reference filed August 5, 2022, the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 105.

[2]    *See infra* note 3.

## I. RELEVANT BACKGROUND

Plaintiff, proceeding pro se, filed a *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* on September 18, 2018.  Doc. 1.  Thereafter, Plaintiff obtained legal counsel, and filed an *Amended Complaint for Damages Caused by the Deprivation of Civil Rights*.  Doc. 22.  Plaintiff's *Second Amended Complaint for Damages Caused by the Deprivation of Civil Rights and Tortious Conduct* was filed on January 14, 2021, and acts at the Operative Complaint in this matter.[3]  Doc. 40.  The Operative Complaint names SWCMG as a party for the first time, and contains a single claim against it, brought against all Defendants, for violations of Plaintiff's substantive due process rights.  *Id.* at 9-10.  *Compare id.*, *with* Docs. 1, 22.  Specifically, Plaintiff alleges that SWCMG was responsible for providing medical services to the Otero County Detention Center ("OCDC"), where Plaintiff was housed for a portion of his incarceration.  Doc. 40 at 2, 4.  He further alleges that unidentified employees of SWCMG "had the ability to provide medical and dental care and referrals to Plaintiff while Plaintiff was detained by OCDC" but his health issues went unaddressed.  *Id.* at 3-4, 7.

## II. LEGAL STANDARDS

The Court liberally construes pleadings submitted by pro se litigants and does not hold them to the same standard as those drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Here, the Court remains cognizant that the Operative Complaint—whose sufficiency is being tested by the instant Motion—was drafted by Plaintiff's former counsel, while his response to the Motion and the subsequent pleadings mentioned herein, were drafted without the assistance of a lawyer.  *See Pueblo de Cochiti v. United States*, 647 F. Supp. 538, 542 (D.N.M. 1986) ("A Fed. R. Civ. P. Rule 12(b)(6) motion tests the sufficiency of the [c]omplaint.").

---

[3]     The Court refers to this pleading as the "Operative Complaint" or simply, "The Complaint" herein.

In deciding a motion to dismiss premised on Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). While the facts in the complaint need not be detailed, they must be sufficient to allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration, internal quotation marks and citation omitted).

There is no respondeat superior liability under Section 1983. *Slayton v. Willingham*, 726 F.2d 631, 635 (10th Cir. 1984). Where a corporate entity is performing the tasks a state or municipality typically performs, that corporate entity can be sued under § 1983. *See Richardson v. McKnight*, 521 U.S. 399, 413 (1997). To succeed in a Section 1983 action against a corporate entity, however, the plaintiff must prove that a corporate employee or agent committed a constitutional violation, and that the violation was a direction result of the corporation's policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (noting that liability under *Monell* extends to private § 1983 defendants).

### III. ANALYSIS

**A.     SWCMG's Motion**

Broadly, SWCMG moves to dismiss Plaintiff's single claim against it on the basis that the Operative Complaint lacks sufficient development to state a viable claim for relief. Doc. 110 at 1, 5-7. Specifically, SWCMG notes that, as a corporate entity, to be held liable under Section

1983, Plaintiff must show that one of its employees or agents violated his rights secured under the Constitution, and that the violation was a result of SWCMG's policy or custom. *Id.* at 5. According to SWCMG: "Plaintiff does not allege that SWCMG had a policy or custom that directly resulted in a constitutional violation" and "the [O]perative Complaint is noticeably vague when it comes to SWCMG." *Id.* Finally, SWCMG notes that, to the extent Plaintiff alleges constitutional violations by individual Defendants (or the "SWCMG Defendants"), those Defendants are not identified (they are named as John Does 5 and 6 in the Operative Complaint), and there is no respondeat superior liability under Section 1983. *Id.* at 5-6.

**B.      Plaintiff's Response**

Plaintiff responds to SWCMG's Motion by discussing the dental issues he suffered while in custody and arguing that he still feels the effects of the alleged inadequate care he received while there. Doc. 112 at 2-3. He states that, in other pleadings in this case, he has apprised the Court that he was denied dental care and explained that he received inadequate medical and mental health care and was "subjected to inhumane conditions." *Id.* at 5. Plaintiff further alleges that, after "requesting responsible parties and their roles" he determined that SWMG "was responsible for inmates['] overall treatment," including his own. *Id.* at 5-6. Finally, Plaintiff discusses the dental treatment he has received, apparently following his release from custody. *Id.* at 6.

**C.      SWCMG's Reply**

SWCMG replies to Plaintiff by arguing that Plaintiff has not denied that he "he seeks to hold SWCMG vicariously liable for the alleged unconstitutional conduct of its personnel" nor has he denied that the Operative Complaint "does not articulate any custom or policy of SWCMG that resulted in a constitutional violation by an SWCMG employee or agent." Doc.

4

113 at 2. SWCMG further replies that, like the Operative Complaint, Plaintiff's response fails to "articulate an SWCMG custom or policy that resulted in a deprivation of Plaintiff's rights."[4] *Id.* at 5. In short, SWCMG reiterates its arguments from its Motion: "SWCMG cannot be held vicariously liable for the unconstitutional conduct of its personnel and the Complaint does not allege unconstitutional conduct by SWCMG." *Id.* at 5-6. Finally, SWCMG requests that dismissal of Plaintiff's claim against it be with prejudice, because Plaintiff has had in his possession the records necessary to articulate a viable claim since December 2020, and has not sought to amend his Complaint for the purpose of pleading a legally sufficient claim against SWCMG.[5] *Id.* at 6.

### D. Plaintiff Has Failed to Plead a Claim Against SWCMG for Which Relief May Be Granted

Plaintiff does not dispute that the Operative Complaint is devoid of allegations that SWCMG had in place a custom or policy that caused its employees or agents to violate his constitutional rights, as is the standard required to sustain a Section 1983 claim against a corporate entity. *Monell*, 436 U.S. at 694; *Myers*, 151 F.3d at 1316; *Dubbs* 336 F.3d at 1216. As noted above, Plaintiff brings a single claim against SWCMG in his Complaint for violations of his substantive due process rights.[6] Doc. 40 at 9-10. In relevant part, and to the extent Plaintiff's claim can be read against SWCMG, Plaintiff alleges as follows:

---

[4] The Court notes, as does SWCMG in its reply, that even if Plaintiff had identified a custom of policy in his response, the Court could not consider it in ruling on SWCMG's Motion. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint."); *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991) ("When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint. The district court must determine if the complaint alone is sufficient to state a claim; the district court cannot review matters outside of the complaint.").

[5] While the instant Motion was pending, Plaintiff filed a *Motion to Amend Complaint to Insert Defendants and Add Responsible Parties*. Doc. 124. That motion, however, did not seek to amend the Complaint to allege a custom or policy by SWCMG that caused its employees or agents to violate his constitutional rights. *See generally id.*

[6] This claim is brought against all Defendants. The section of the Complaint that outlines the basis of this claim does not attribute certain conduct to certain Defendants; instead, Plaintiff merely refers to Defendants, in the

Defendant [SWCMG] is, upon information and belief, a California corporation that provides medical services to correctional facilities, including OCDC. SWCMG is liable for any constitutional deprivations and other negligence caused by its staff. *Id.* at 2.

Plaintiff's health suffered greatly because of Defendants' wrongful actions. *Id.* at 7.

Beginning on approximately February 17, 2016, Plaintiff began complaining that he had broken teeth which were painful and infected. *Id.*

Plaintiff continued to complain about this dental problem throughout the 38 months[7] he was incarcerated, but was never given adequate care, including being seen by a dentist. *Id.*

Plaintiff's dental issues went un- or under-addressed because of the neglect of . . . the SWCMG Defendants.[8] *Id.*

Rather than adequately treat Plaintiff's dental condition . . . SWCMG Defendants chose to provide inadequate care, including never referring Plaintiff to a dentist. *Id.* at 9.

Defendants were aware that Plaintiff's conditions of confinement, including extended durations of solitary confinement and inadequate medical care, were inhumane. *Id.*

Defendants failed to take reasonable measures to prevent the deterioration of Plaintiff's mental and physical health, to the great detriment of Plaintiff. *Id.* at 10.

Defendants' failure to provide adequate dental care amounts to a violation of the Fourteenth Amendment of the United States Constitution and Article II Section 4 of the New Mexico Constitution.[9] *Id.*

---

aggregate, when discussing his allegations, unless otherwise specified above. Because Plaintiff alleges that SWCMG performed a discrete function at his place of incarceration—medical services—the Court does not consider the other allegations contained in this section of the Complaint, i.e., placing Plaintiff in solitary confinement, that are plainly unattributable to SWCMG. Doc. 40 at 2.

[7] SWCMG provided medical care at OCDC, where Plaintiff was held for a portion of this time. Doc. 40 at 2, 4-7.

[8] As noted above, Plaintiff indicates that "SWCMG Defendants" refers to John Does 5 and 6, who have not been otherwise identified. *Id.* at 3.

[9] The Court notes that Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983, which "affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law." *D.L. v. Unified Sch. Dist. No. 947*, 596 F.3d 768, 776 (10th Cir. 2010) (internal quotation marks and citation omitted). "Unlike claims arising under the federal Constitution, which may be brought pursuant to a federal statute, 42 U.S.C. § 1983, the New Mexico Constitution, while creating rights, does not authorize a cause of action nor does it provide a means or a manner in which a plaintiff can assert a private state constitutional claim." *McCartney v. Fernandez*, No. 02-CV-344,

To the extent the Operative Complaint can be read to include a custom or policy, such allegation is not directed at SWCMG.  Rather, the inclusion of custom-or-policy statements are used to support Plaintiff's claims against other Defendants.  Doc. 40 at 8 (attributing non-specific "policies and procedures" to Defendants Board of County Commissioners of the County of Otero and Management & Training Corporation).  In short, there is no mention of a custom or policy instituted by SWCMG at all, much less one that that caused its employees or agents to violate Plaintiff's constitutional rights.

For these reasons, the undersigned recommends that the presiding judge grant SWCMG's Motion and dismiss Plaintiff's claim against it.  *See Beedle v. Wilson*, 422 F.3d 1059, 1074 (10th Cir. 2005) (affirming the district court's Rule 12(b)(6) dismissal of a Section 1983 claim against a municipal entity because the plaintiff failed to identify a policy or custom that caused her injury); *Soto ex rel. Jimenez v. Bd. of Cnty. Comm'rs*, 748 F. App'x 790, 794 (10th Cir. 2018) (affirming the district court's Rule 12(b)(6) dismissal of a Section 1983 claim against a municipality because the plaintiff's "arguments ignore[d] well-established Tenth Circuit precedent holding a § 1983 municipal liability claim must include factual allegations that a particular custom or policy was the moving force behind the constitutional injury in order to withstand Rule 12(b)(6) dismissal").  The Court turns next to assess whether Plaintiff should be given the opportunity to amend the Operative Complaint.

### E. Plaintiff Should Not Be Given Leave to Amend the Operative Complaint

The opportunity for leave to amend a complaint is a matter within the Court's discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the Court "should freely give leave when justice

---

2002 WL 35649835, at *2 (D.N.M. June 14, 2002).  Plaintiff can properly assert violations of state law as a separate claim to the extent New Mexico's laws permit him to do so, *see id.*, and he does, Doc. 40 at 11-12, but violations of the state constitution play no role in the Court's analysis of his Section 1983 claim against SWCMG.

so requires." Fed. R. Civ. P. 15(a)(1)(b). Reasons justifying denial of leave are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. As previously noted, the Operative Complaint is the first that names SWCMG as a party to this action. *Compare* Docs. 1, 22, *with* Doc. 40. And, after the instant Motion was filed, Plaintiff sought leave to amend the Operative Complaint, with proposed amendments directed at his claims against SWCMG. *See generally* Doc. 124. The undersigned has recommended that the presiding judge deny that motion on three grounds: failure to comply with D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."); undue delay; and futility of amendment. Doc. 141 at 1.

It is clear to the Court that Plaintiff's motion to amend the Operative Complaint, directed at his claims against SWCMG, was filed in response to the instant Motion. Indeed, SWCMG's argument here alerted Plaintiff that the Operative Complaint suffered from a legal deficiency, as outlined above, and that amendment on this basis may be necessary. Plaintiff did not seek to cure this deficiency with his proposed amendments; rather, Plaintiff moved to amend the Operative Complaint on different grounds: adding new Defendants or substituting such Defendants for SWCMG. Doc. 141 at 2. Moreover, in his response to the SWCMG's Motion, Plaintiff was entirely indifferent to the Motion's underpinning: that a viable Section 1983 claim against a corporate entity requires the identification of a custom or policy that caused the corporation's employees to violate his constitutional rights. *Monell*, 436 U.S. at 694; *Myers*, 151 F.3d at 1316; *Dubbs* 336 F.3d at 1216.

8

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks and citation omitted). What Plaintiff proposed in his motion to amend does not cure the deficiency outline above. *See Langton v. City of Cohoes*, No. 10-CV-1279, 2011 WL 1885611 at *1 (N.D.N.Y. May 18, 2011) ("Amending a complaint is futile where the proposed amendment does not cure the deficiencies in the original complaint."); *see also Mountain View Pharmacy v. Abbott Lab'ys.*, 620 F.2d 1383, 1389 n.5 (10th Cir. 1980) (affirming the dismissal with prejudice of a complaint with a proposed amendment that was "equally devoid of any factual allegations which would support the claims of these plaintiffs against these particular defendants"). And, although the undersigned has recommended that Plaintiff not be granted leave to incorporate his proposed amendments, even if such amendments were permitted, the Court would face the same problem: a complaint that suffers from legal deficiencies to which Plaintiff was alerted yet did not acknowledge, either in his response to the instant Motion, or in his motion seeking to amend the Complaint. *Cf. Bekkem v. Wilkie*, 915 F.3d 1258, 1276 (10th Cir. 2019) ("District Courts have the discretion to deny leave to amend for failure to cure deficiencies by amendments previously allowed." (internal quotation marks and citations omitted)). Finally, this litigation has been ongoing for five years, and Plaintiff has filed two amended complaints, though SWCMG was not added as a party until the final iteration of the Complaint, filed January 14, 2021, through counsel. *Compare* Docs. 1, 22, *with* Doc. 40. However, as already mentioned, Plaintiff does not dispute that the Operative Complaint is devoid of the allegations to make a claim against SWCMG viable, much less provide a reason why this necessary component of his claim was missing from it. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (noting that a party's failure to explain why an amendment is delayed is sufficient grounds to

deny leave to amend); *Quintana v. Core Civic*, 504 F. Supp. 3d 1224, 1236 (D.N.M. Nov. 30, 2020) ("There comes a point when even a pro se plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants."). Instead, Plaintiff merely states that he has determined that SWMG "was responsible for inmates['] overall treatment," including his own. Doc. 112 at 5-6.

What is more, the Court is concerned about Plaintiff's repeated failures to follow the Federal Rules of Civil Procedure and this district's local rules. *See Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. The same is true of simple, nonburdensome local rules." (citation omitted)). Indeed, as discussed in the undersigned's PFRD recommending denial of Plaintiff's proposed amendments to the Complaint, Plaintiff wholly disregarded D.N.M.LR-Civ. 15.1, which requires that "a proposed amendment to a pleading must accompany the motion to amend." Doc. 141 at 3-4. Failure to comply with this rule is an independent basis on which the Court may deny a pro se litigant's motion to amend a complaint. *Mercer-Smith v. NM Child., Youth and Fams. Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011); *Brown v. City of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 804 (D.N.M. 2018); *Gabaldon v. Bernalillo Cnty. Sheriff's Off.*, No. 17-CV-267, 2019 WL 1307874, at *5 (D.N.M. Mar. 22, 2019). On another occasion, Plaintiff wholly disregarded rule Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rather than heeding these requirements, Plaintiff filed a *Final Amendment Complaint to Add Defendants*[10] in the absence of consent of any Defendants or permission from the Court. Doc. 129. In other pleadings, Plaintiff has failed to comply with D.N.M.LR-Civ. 7.4(a): "A response

---

[10] The Court will address this pleading and those attendant thereto in a separate PFRD.

must be served and filed within (14) calendar days after service of the motion." *See* Doc. 145 (Plaintiff's response, filed July 18, 2023, to a motion filed April 13, 2013). Again, Plaintiff has been engaged in this litigation for nearly five years, both pro se and with the assistance of counsel, which is ample time to familiarize oneself with the rules of procedure and attempt to comply with them.

In sum, the Court is unconvinced that providing Plaintiff the opportunity to amend his Complaint would be a fruitful endeavor. To the contrary, Plaintiff has taken an unconcerned approach to the rules of procedure—including through the untimely filing of pleadings and the filing of pleadings without leave of the Court—and, as his pleadings concern the instant Motion, Plaintiff has not demonstrated that leave to amend would result in a legally sufficient claim against SWCMG, either through his response to the Motion or through his proposed amendments, which the undersigned has recommended be denied. Doc. 141.

### III. CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, the undersigned recommends that the District Judge **GRANT** SWCMG's Motion and **DISMISS** Plaintiff's claim against it **WITH PREJUDICE.**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge