IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


CARLOS HASAN HICKS,

        Plaintiff,

    v.                                     Civ. No. 18-850 DHU/JFR

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      **THIS MATTER** is before the Court subsequent to its Order of Reference, filed August

5, 2022.  Doc. 105.  Therein, the Court referred this matter to Magistrate Judge John F.

Robbenhaar "to conduct hearings, if warranted, including evidentiary hearings, and to perform

any legal analysis required to recommend to the Court an ultimate disposition of the case" and to

"submit analysis, including findings of fact, if necessary, and recommended disposition."  *Id.*

On July 6, 2023, Judge Robbenhaar entered his Proposed Findings and Recommended

Disposition ("PFRD") on Plaintiff's *Motion to Amend Complaint to Insert Defendants (SWCMG)

and Add Responsible Parties* ("Motion") (Doc. 124).  Doc. 141.  Therein, Judge Robbenhaar

recommended that the Court deny the Motion.  *Id.* at 1.

      On July 26, 2023, Plaintiff timely objected to the PFRD.[1]  In two pages, Plaintiff

---

[1]     Objections to the PFRD were due by July 20, 2023, with three additional days permitted for mailing.  While Plaintiff's objections were docketed on July 26, 2023, the Court received them by mail on July 23, 2023.  Doc. 156 at 3.

advances a single objection.  Doc. 156 at 1-2.  Plaintiff acknowledges that he has had "more than enough time" to amend the Operative Complaint, but states he cannot represent himself because he suffers from PTSD.  *Id.* at 2.  For this reason, he requests the Court "set aside" Judge Robbenhaar's PFRD and appoint counsel to assist him in litigating this case.  *Id.* at 1-2.  Judge Robbenhaar recommended denying Plaintiff's Motion because Plaintiff failed to comply with D.N.M.LR-Civ. 15.1 (requiring that "[a] proposed amendment to a pleading . . . accompany the motion to amend"); Plaintiff failed to offer an explanation of the delayed timing for his Motion; and Plaintiff's allegations as set forth in his Motion would not withstand a motion to dismiss. Doc. 141 at 3-9.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objection; **ADOPTS** the PFRD; and **DENIES** Plaintiff's Motion.

## I. BACKGROUND

The Court addresses only the background information necessary for resolution of the instant Motion.

This litigation has been outstanding for over five years.  Plaintiff was incarcerated in Otero County, New Mexico and filed a pro se complaint for alleged harms that occurred during time he spent in solitary confinement.  Doc. 1.  After retaining counsel, Plaintiff filed First and Second Amended Complaints.  Docs. 22, 40.  Plaintiff's Second Amended Complaint,[2] filed January 14, 2021, named Southwest Correctional Medical Group ("SWCMG") as a defendant. Doc. 40.  Shortly after it was filed, Plaintiff informed his counsel that he wished to proceed with different representation, and the Court granted counsel's *Motion to Withdraw*.  Docs. 61, 63. Plaintiff was advised and understood that the withdrawal of counsel at his request would require

---

[2]     Plaintiff's Second Amended Complaint is referred to as the "Operative Complaint" throughout this Order.

him to litigate this manner pro se unless and until substitute counsel entered on his behalf.  Docs. 61, 63.  Judge Robbenhaar denied Plaintiff's request to appoint different counsel and denied a later request for appointment of counsel.  Docs. 104, 164.  Plaintiff has continued to litigate this case pro se.  On March 16, 2023, over two years after filing the Operative Complaint, Plaintiff brought the instant Motion, seeking to amend the Operative Complaint by "add[ing]" names "or replac[ing]" (SWCMG) as Defendants."  Doc. 124 at 2.

## II. LEGAL STANDARDS

The Court may refer dispositive motions to a magistrate judge for a recommended disposition.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed R. Civ. P. 72(b)(2).  Thereafter, the presiding judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [presiding] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).

The Court's de novo review of a magistrate judge's recommendation is not confined to the PFRD, but includes consideration of relevant record evidence.  *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993).  To preserve an issue for de novo review by the Court or appellate review, objections to the recommendations of the magistrate judge must be both timely and specific.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  And, a party may not raise issues for the first time in objections. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III. ANALYSIS

### A.      Judge Robbenhaar's PFRD

  *1.      Failure to Comply with this District's Local Rules*

The first basis on which Judge Robbenhaar recommended denial of Plaintiff's Motion is

failure to comply with D.N.M.LR-Civ. 15.1: "A proposed amendment to a pleading must

accompany the motion to amend." Doc. 141 at 3-4. Judge Robbenhaar reasoned that this is a

non-burdensome local rule that Plaintiff, as a pro se litigant, had a duty to comply with. *Id.*

Judge Robbenhaar concluded that Plaintiff's Motion could be denied on this basis alone, relying

on cases from this District and the Tenth Circuit. *Id.* at 4 (citing *Gabaldon v. Bernalillo Cnty.*

*Sheriff's Off.*, No 17-CV-267, 2019 WL 1307874, at *5 (D.N.M. Mar. 22, 2019); *Brown v. City*

*of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 804 (D.N.M. 2018); and *Mercer-Smith v. NM*

*Child., Youth and Fams. Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011)).

  *2.      Undue Delay*

The second basis on which Judge Robbenhaar recommended denial of Plaintiff's Motion

is undue delay. Judge Robbenhaar noted that the record indicates that Plaintiff knew or should

have known of the facts he states in his Motion that may be read to constitute an amendment, and

that he does not argue otherwise. Doc. 141 at 4-5. Judge Robbenhaar further noted that the

"Motion does not add any new or expanded allegations," from those in the Operative Complaint,

"and certainly does not state anything of which he was not aware at the time" the Operative

Complaint was filed, reasoning that "the allegations at issue occurred between 2016 and 2019,"

and the Operative Complaint "was filed in 2021." *Id.* at 5. Judge Robbenhaar explained that

"[t]o the extent Plaintiff's Motion seeks to add new defendants, the delay is similarly

4

unexplained."[3]  *Id.*  So, Judge Robbenhaar concluded that, in the absence of an explanation for the delay from Plaintiff, granting leave to amend at this late hour would be unfair to SWCMG, who had already filed a Motion to Dismiss and been ordered to compile a *Martinez Report*, cause the parties and the Court to expend additional resources, and "strain this Court's ability to manage its docket."  *Id.* at 6.

### 3.      Futility of Amendment

The third and final basis upon which Judge Robbenhaar recommended denial of Plaintiff's Motion is futility of amendment, reasoning what Plaintiff proposed in his Motion, if permitted, would result in dismissal for failure to state a claim upon which relief can be granted. *Id.* at 7.  In reaching this conclusion, Judge Robbenhaar noted that the Motion "does not add new or expanded allegations" from those in the Operative Complaint, "does nothing to tie any allegations to the individuals and entity he seeks to add as additional defendants," and "does not allege that the individuals and entity he seeks to add as defendants are responsible for his alleged harms."  *Id.*  Judge Robbenhaar further noted that while "it appears that the individuals Plaintiff desires to name as additional defendants are officers within an organization that provides care to inmates—though Plaintiff provides no such facts in his Motion," there is no respondeat superior liability under 42 U.S.C. § 1983, the statute under which Plaintiff brings his claims.  Doc. 141 at 8.  Judge Robbenhaar observed that Plaintiff did not offer traceable accusations to his desired additional defendants, and failed to demonstrate that respondeat superior liability under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 to -27, is applicable to his accusations.  Doc. 141 at 8-9.

---

[3]      Judge Robbenhaar noted that the statute of limitations may be an issue should Plaintiff be permitted to add defendants to this action, but did not offer a full analysis of this issue given his ultimate reasoning for recommending denial of Plaintiff's Motion.  Doc. 141 at 6 n.2.  Plaintiff does not address this issue in his objections, so the Court does not analyze this issue any further.

B.      **Plaintiff's Objection**

Plaintiff's single objection focuses on his inability to timely seek amendment to the Operative Complaint because of a disability.  Doc. 156 at 1-2.  The Court understands Plaintiff's objection to encompass the whole of Judge Robbenhaar's reasoning in the PFRD; because Plaintiff states that he "can't complete the litigation without counsel," the Court interprets Plaintiff to contend that, if he had proceeded with counsel, he would be in compliance with the Local Rules and be able to timely move to amend in a manner not subject to denial on grounds of futility.  Plaintiff's objection is not well-taken.

The Court begins by again reminding Plaintiff that there is no right to counsel in civil litigation.  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).  Plaintiff voluntarily relinquished assistance of counsel in this case.  Docs. 60, 63.  The Court understands that Plaintiff now believes that the course of this litigation may be better navigated with legal representation, particularly in light of his mental health issues.  However, he was advised and understood that the withdrawal of counsel at his request would require him to litigate this manner pro se unless and until substitute counsel entered on his behalf.  Docs. 60, 63.  While it is certainly possible that, had Plaintiff proceeded with counsel, his pleadings would comply with the Local Rules, be timely filed, and might be legally sound, this is simply not something the Court will take into consideration in evaluating the merits of the Motion.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("While we do not quarrel with [the plaintiff]'s assertion that having counsel would have assisted him in presenting his strongest possible case, the same could be said in any case.").  To be sure, the Court is holding Plaintiff's pleadings to the same standard as those drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But, even in light of this leniency, the Court does expect Plaintiff to follow the same

rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). And, insofar as Judge Robbenhaar's PFRD was based on futility of amendment, pro se pleadings are still expected to contain sufficient factual allegations to state a claim. *Hall*, 935 F.2d at 1110.

For these reasons, Plaintiff's objection is overruled.

## IV. CONCLUSION

In light of the foregoing, Plaintiff's objection to the PFRD is **OVERRULED.** The PFRD is thereby **ADOPTED** and Plaintiff's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____

**DAVID HERRERA URIAS**
United States District Judge

7