IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HASAN HICKS,**

      **Plaintiff,**

    v.                                                            Civ. No. 18-850 DHU/JFR

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court subsequent to its Order of Reference, filed August 5, 2022. Doc. 105. Therein, the Court referred this matter to Magistrate Judge John F. Robbenhaar "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case" and to "submit analysis, including findings of fact, if necessary, and recommended disposition." *Id.* On July 19, 2023, Judge Robbenhaar entered his Proposed Findings and Recommended Disposition ("PFRD") on Defendant Southwest Correctional Medical Group, Inc.'s ("SWCMG") first *Motion to Dismiss for Failure to State a Claim* ("Motion") (Doc. 110). Doc. 153. Therein, Judge Robbenhaar recommended that the Court grant the Motion, deny Plaintiff leave to amend his Operative Complaint, and dismiss Plaintiff's claim against SWCMG with prejudice. *Id.* at 1.

On July 26, 2023, Plaintiff timely objected to the PFRD. Doc. 157. In two pages, Plaintiff advances three objections ("Objections"). He states as follows:

(1)     I am not an attorney[,] otherwise statements of claims would have been done in timely fashion.

> (2) These Defendant[]s should not be granted this because of technicalities on a non-attorney, whom [sic] suffers from disabilit[ies.]
>
> (3) This case is viable and has merit, and should at least be argued by an attorney of this Court[']s chosen [sic].

*Id.* at 1-2. Judge Robbenhaar recommended granting Defendants' Motion because Plaintiff's Operative Complaint "is devoid of allegations that SWCMG had in place a custom or policy that caused its employees or agents to violate [Plaintiff's] constitutional rights, as is the standard required to sustain a Section 1983 claim against a corporate entity." Doc. 153 at 5-7. Judge Robbenhaar further recommended denying Plaintiff leave to amend the Operative Complaint on the basis that Plaintiff's prior attempt at amendment has failed to cure the deficiency outlined above and because Plaintiff has repeatedly failed to comply with the Federal Rules of Civil Procedure and this district's local rules. *Id.* at 8-11.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections; **ADOPTS** the PFRD; **GRANTS** SWCMG's Motion; and **DISMISSES** Plaintiff's claim against it **WITH PREJUDICE.** Additionally, this disposition obviates the need for the Court to address SWCMG's *First Motion for Summary Judgment* (Doc. 136) and Plaintiff's *Motion for Summary Judgment Against Defendant[] Southwest Correctional Medical Group, Inc.[]* (Doc. 144). The Clerk is directed to **TERMINATE** those outstanding motions from the docket.

## I. BACKGROUND

SWCMG is one of several Defendants named in the Operative Complaint. The Court limits the background that follows to those facts material to Defendant SWCMG.

Plaintiff was incarcerated in Otero County, New Mexico and filed a pro se complaint for alleged harms that occurred during time he spent in solitary confinement. Doc. 1. After retaining counsel, Plaintiff filed First and Second Amended Complaints. Docs. 22, 40. Plaintiff

claims that SWCMG violated his right to substantive due process.  Doc. 40 at 9-10.

Shortly after filing his Second Amended Complaint,[1] Plaintiff informed his counsel that he wished to proceed with different representation, and the Court granted counsel's *Motion to Withdraw*.  Docs. 61, 63.  Plaintiff was advised and understood that the withdrawal of counsel at his request would require him to litigate this matter pro se unless and until substitute counsel entered on his behalf.  Doc. 61, 63.  Judge Robbenhaar denied Plaintiff's request to appoint different counsel and denied a later request for appointment of counsel.  Docs.  104, 164.  Plaintiff has continued to litigate this case pro se.

## II. LEGAL STANDARDS

The Court may refer dispositive motions to a magistrate judge for a recommended disposition.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed R. Civ. P. 72(b)(2).  Thereafter, the presiding judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [presiding] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).

The Court's de novo review of a magistrate judge's recommendation is not confined to the PFRD, but includes consideration of relevant record evidence.  *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993).  To preserve an issue for de novo review by the Court or appellate review, objections to the recommendations of the magistrate

---

[1] Plaintiff's Second Amended Complaint is referred to as the "Operative Complaint" throughout this Order.

judge must be both timely and specific. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). And, a party may not raise issues for the first time in objections. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

### III. ANALYSIS

#### A. Judge Robbenhaar's PFRD

##### 1. *Failure to Plead a Claim for Which Relief May Be Granted*

The basis of SWCMG's Motion is that Plaintiff has failed to plead a claim against it for which relief can be granted, because Plaintiff did not identify a policy or custom of SWCMG that resulted in the violation of his constitutional rights. Doc. 110 at 5. In his PFRD, Judge Robbenhaar listed verbatim the allegations Plaintiff explicitly and presumably makes against SWCMG in the Operative Complaint and concluded that "[t]o the extent the Operative Complaint can be read to include a custom or policy, such allegation is not directed at SWCMG. . . . [T]here is no mention of a custom or policy instituted by SWCMG at all, much less one . . . that caused its employees or agents to violate Plaintiff's constitutional rights."[2] Doc. 153 at 6-7. Relying on well-settled Tenth Circuit precedent, Judge Robbenhaar concluded that the claim against SWCMG should be dismissed because factual allegations of a custom or policy attributable to SWCMG are necessary to withstand dismissal under Fed. R. Civ. P. 12(b)(6). Doc. 153 at 7. Judge Robbenhaar further noted that, in Plaintiff's response, he does not dispute that the Operative Complaint falls short of this standard. *Id.* at 5.

##### 2. *Leave to Amend*

SWCMG further requested that dismissal of the claims against it be with prejudice because Plaintiff has had in his possession since December 2020 necessary records to allow him

---

[2] Judge Robbenhaar also noted that, in the Operative Complaint, Plaintiff indicates that John Does 5 and 6 are associated with SWCMG, but these individuals are yet to be identified. Doc. 153 at 6 n.8.

to articulate a legally sufficient claim against SWCMG and has never sought amendment for that purpose. Doc. 113 at 6. Judge Robbenhaar noted that, "after the instant Motion was filed, Plaintiff sought leave to amend the Operative Complaint, with proposed amendments directed at his claim against SWCMG."[3] Doc. 153 at 8. Judge Robbenhaar further noted that Plaintiff's attempt at amendment, which, if granted, would be the fourth complaint filed in this case, does not address the legal deficiency identified by SWCMG in the instant Motion and otherwise failed to comply with the applicable rules of procedure. *Id.* at 8-11. Judge Robbenhaar also lamented Plaintiff's routine failures to follow the Federal Rules of Civil Procedure and this District's Local Rules. *Id.* at 10-11. On these bases, Judge Robbenhaar concluded that Plaintiff should not be given leave to amend[4] and that the dismissal of Plaintiff's claims against SWCMG be with prejudice. *Id.* at 11.

B.  **Objections One and Three: Lack of Counsel**

Plaintiff's first and third objections are largely related, so the Court addresses them together. Both objections are premised on Plaintiff's belief that the course of this litigation may be different if he was represented by counsel. This may very well be true, but it is inapposite. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("While we do not quarrel with [the plaintiff]'s assertion that having counsel would have assisted him in presenting his strongest possible case, the same could be said in any case."). Moreover, Plaintiff's statement that the presentation of his claims would have been done in such a manner as to make them legally sufficient if he presently had counsel runs contrary to the record. Plaintiff has filed a total of

---

[3]    In a PFRD on Plaintiff's request to amend, Judge Robbenhaar recommended such leave be denied on three grounds: failure to comply with this district's local rules, undue delay, and futility of amendment. Doc. 141 at 1. The Court has overruled Plaintiff's objections to that PFRD (Doc. 156) and adopted it. Doc. 173.

[4]    In Plaintiff's objections, addressed in their entirety herein, he does not argue that he should be given leave to amend. *See generally* Doc. 157. Instead, he argues simply that SWCMG's Motion should not be granted. *Id.* at 2. For this reason, the Court does not address this issue any further.

three complaints in this matter, the latter two through counsel. Docs. 1, 22, and 40. Indeed, it is the allegations against SWCMG in the Operative Complaint, drafted by counsel, that are legally deficient. *See generally* Doc. 110. Finally, Plaintiff's assertion that his claim is viable and "should at least be argued by" appointed counsel is not relevant to Judge Robbenhaar's PFRD or the disposition of the Motion. Doc. 157 at 2. There is no right to counsel in civil litigation. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Judge Robbenhaar has repeatedly reminded Plaintiff of this in denying his requests to appoint counsel after he terminated his legal representation. *See* Docs. 104, 164. It was Plaintiff's choice to terminate that representation and he understood that the outcome of that choice, in the absence of securing new representation, is that he must prosecute this case pro se. Docs. 61, 63.

For these reasons, these objections are overruled.

    **C.**    **Objection Two: Claims of Technicalities and Disabilities**

Plaintiff's second objection attempts to cast the deficiencies in his claim against SWCMG and his conduct in litigation as "technicalities" attributable to his status as a non-attorney. Doc. 157 at 2. Contrary to this characterization, the law requires litigants in Plaintiff's shoes to identify a policy or custom that caused their injury. *Beedle v. Wilson*, 422 F.3d 1059, 1074 (10th Cir. 2005) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, Plaintiff has taken no action to correct this deficiency. In his response to the instant Motion, he did not dispute that his claim was legally deficient, and in his motion seeking leave to amend his complaint, he did not propose any amendment to cure the legal deficiency to which he was alerted. *See generally* Doc. 124. Dismissal of this claim is appropriate. *Soto ex rel. Jimenez v. Bd. of Cnty. Comm'rs*, 748 F. App'x 790, 794 (10th Cir. 2018) ("[The plaintiff]'s arguments ignore well-settled Tenth Circuit

6

precedent holding a § 1983 municipal liability claim must include factual allegations that a particular municipal custom or policy was the moving force behind the constitutional injury in order to withstand a Rule 12(b)(6) dismissal."). To the extent Plaintiff argues that Defendants' Motion should not be granted because he is a "non-attorney, whom [sic] suffers from mental disabilit[ies]," Doc. 157 at 2, his objection equally lacks merit. *See Spencer v. City of Cheyenne*, 1 F. App'x 863, 865 (10th Cir. 2001) (affirming the district court's Rule 12(b)(6) dismissal of a pro-se prisoner's § 1983 action because, though he claimed to suffer from mental and physical disabilities, his stated claim would not entitle him to relief, even if presented with the assistance of counsel).

Insofar as Plaintiff's litigation conduct is concerned, the Court does not view disregard for the applicable rules of procedure as merely the finer points of litigation. It is well-settled that all litigants, even those proceeding pro se, must follow the Federal Rule of Civil Procedure and non-burdensome local rules. *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Contrary to Plaintiff's argument that his conduct should be viewed as technical oversights due to his status as a non-attorney, procedural rules have the full force of law, and the Court cannot abide routine non-compliance. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010) ("Local rules that are consistent with the national rules have the force of law."); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) ("[The Federal] Rules of [Civil Procedure] are binding upon court and parties alike, with fully the force of law."); *see also* 28 U.S.C. § 2072; *United States v. Hvass*, 355 U.S. 570, 575 (1985).

For these reasons, this objection is overruled.

### IV. CONCLUSION

For the reasons state herein, Plaintiff's objections to Judge Robbenhaar's PFRD are

7

**OVERRULED** and is therefore **ORDERED** as follows:

    (1) Judge Robbenhaar's PFRD is **ADOPTED**;

    (2) SWCMG's Motion is **GRANTED**; and

    (3) Plaintiff's claim against SWCMG is **DISMISSED WITH PREJUDICE.**

The foregoing disposition obviates the need for the Court to address SWCMG's *First Motion for Summary Judgment* (Doc. 136) and Plaintiff's *Motion for Summary Judgment Against Defendant[ ] Southwest Correctional Medical Group, Inc.[ ]* (Doc. 144). The Clerk is directed to **TERMINATE** those outstanding motions from the docket.

    **IT IS SO ORDERED.**

_____
**DAVID HERRERA URIAS**
United States District Judge