IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CARLOS HASAN HICKS,**

      **Plaintiff,**

    v.                                                                         Civ. No. 18-850 DHU/JFR

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF OTERO, et al.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court subsequent to its Order of Reference, filed August 5, 2022. Doc. 105. Therein, the Court referred this matter to Magistrate Judge John F. Robbenhaar "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case" and to "submit analysis, including findings of fact, if necessary, and recommended disposition." *Id.* On October 13, 2023, Judge Robbenhaar entered Proposed Findings and Recommended Disposition ("PFRD") on Defendants' *Motion for Summary Judgment on All Plaintiff's Claims*, filed by the Board of County Commissioners of the County of Otero ("Otero County") and Lieutenant Javier Sifuentes ("Sifuentes") ("Motion") (Doc. 137). Doc. 175. Therein, Judge Robbenhaar recommended that the Court grant the Motion and deny Plaintiff's *Request for Summary Judgment Against Board of County Commissioners of Otero, Javier Sifuentes* ("Plaintiff's Motion") (Doc. 143) as moot. Doc. 175 at 2, 19.

On October 27, 2023, Plaintiff timely objected to the PFRD. Doc. 177. The sole basis of Plaintiff's objections is his contention that he never received the *Martinez* Report filed by

Defendants in this matter and thus could not formulate a "Proper Response" to the same. *Id.* at 2-3. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections; **ADOPTS** the PFRD; **GRANTS** Defendants' Motion and **ENTERS** summary judgment in their favor. Additionally, this disposition obviates the need for the Court to address Plaintiff's Motion, and therefore **DENIES** it as moot.

## I. LEGAL STANDARDS

The Court may refer dispositive motions to a magistrate judge for a recommended disposition. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). Thereafter, the presiding judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [presiding] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). To preserve an issue for de novo review by the Court or appellate review, objections to the recommendations of the magistrate judge must be both timely and specific. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). And, a party may not raise issues for the first time in objections. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Though a party's failure to meet these standards generally serves to waive review, in the case of pro se litigants, review is not waived "(1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required

to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)); *see also One Parcel of Real Prop.*, 73 F.3d at 1060.

## II. ANALYSIS

With respect to Judge Robbenhaar's PFRD, the first and third factors excusing strict application of review waiver are inapplicable here. *See Schupper*, 708 F. App'x at 946-47. The PFRD notified Plaintiff of the time period for objecting and the consequences of failing to object, and Plaintiff makes no attempt to show plain error. So, the Court's inquiry centers on the second factor: whether the interests of justice warrant review of Plaintiff's objections and de novo review of Judge Robbenhaar's PFRD. *See id.* This consideration is guided by factors such as the pro se litigant's attempts to comply with the requirement of timeliness and specificity for objections, and the significance of the issues he raises. *See id.* at 947 (citing *Morales-Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005)). As already noted, timeliness is not at issue here. The Court concludes that Plaintiff does not raise issues of importance such that his objections should be excused of specificity requirement because he does not raise any objections to the content of Judge Robbenhaar's PFRD, and the arguments he does make are made for the first time. Thus, his objections are waived. In any event, the Court has carefully reviewed Judge Robbenhaar's PFRD and has determined that it is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. However, the Court briefly discusses Plaintiff's arguments and explains why they are unpersuasive.

Plaintiff responded to the *Martinez* Report on July 17, 2023, which indicates that he received it. Doc. 146. Therein, he claimed that the report was missing some documents, though it is unclear if he meant to argue that he did not receive certain documents or if Defendants

3

should have included in the report the documents he references. *Id.* at 1-3. Nevertheless, he directed the Court to specific material contained in the report—another indication it was received. *Id.* at 1-3. Plaintiff has never claimed not to have received the *Martinez* Report until now. In fact, his response to the report indicates that he engaged in "careful review of the RECORD." *Id.* at 2. Moreover, even assuming Plaintiff did not receive the *Martinez* Report, in whole or part, Plaintiff has not developed any argument as to how his response was impeded or how Judge Robbenhaar's PFRD was impacted by the same. *See Tamsang v. Barr*, 799 F. App'x 632, 635 n.2 (10th Cir. 2020) ("The court cannot take on the responsibility of serving as the pro se litigant's attorney in constructing arguments." (alterations, internal quotation marks, and citations omitted)); *id.* ("[E]ven pro se litigants must follow the same rules of procedure that govern other litigants, including the requirement that an argument contain a litigant's contentions and the reasons for them." (internal quotation marks and citation omitted)). So, the Court deems Plaintiff's objections to lack merit and they are therefore overruled.

### III. CONCLUSION

Plaintiff's objections to the PFRD are **OVERRULED** and the PFRD is **ADOPTED.** Defendants' Motion is thereby **GRANTED** and summary judgment is **ENTERED** in their favor. This disposition obviates the need for the Court to address Plaintiff's Motion and it is therefore **DENIED** as moot.

**IT IS SO ORDERED.**

**DAVID HERRERA URIAS**
United States District Judge